No. 16.—JOHN DILLON, plaintiff in error, vs. HIRAM W. MATTOX, defendant in error.

[1.] The certificate of a County Surveyor that a tract of land had been surveyed and resurveyed is not admissible in evidence to prove possession.

[2.] The resurvey of a tract of land, or entering on a tract of land for the purpose of making a survey, is not evidence to support an adverse possession.

Action to recover land, in Bryan Superior Court. Tried before Judge FLEMING, December Term, 1856.

This action was brought by Dillon, the plaintiff, against Mattox, the defendant, for the recovery of three hundred acres of land situated in the county of Bryan.

Pleas, the general issue and Statute of Limitations. The possession by defendant was admitted.

The main and only question in the case arose upon the admissibility of certain evidence on the part of plaintiff. He first introduced a grant from the State to William Williams of a tract of land in said county, containing three hundred acres, dated 7th June, 1835, and duly recorded, the boundaries of which corresponded with the description of the *locus in quo* in the declaration.

He next offered a deed from Williams to himself, of said land, dated 11th February, 1836, which was admitted.

He proved that the premises in dispute were covered by the plat and grant to Williams.

Plaintiff then offered, for the purpose of showing that he had exercised acts of ownership over the premises, and as evidence of possession in the year 1841, a plat of said land made on the — day of November, 1841, by Cyrus Bird, the County Surveyor of Bryan county, to which plat was attached the following certificate, viz:

"GEORGIA, BRYAN COUNTY.

"The above plat represents three tracts of land owned by John Dillon, of Savannah, one 300 acre lot, granted to Wm. Williams, adjoining the Canoochie river, also one tract of 150 acres granted to Wm. Williams, one tract of 550 acres granted to Abner Sweat; the above land was surveyed in 1832 and 1833, resurveyed in November, 1841.

"By CYRUS BIRD, C. S."

He also proved the signature of Bird; that he had been County Surveyor, and was dead.

To the admission of which, as testimony, counsel for defendant objected, because such a certificate could not be admitted to prove the facts therein recited, and was not evidence in the case.

The presiding Judge admitted the *plat* for the purpose of proving the *locus in quo*, but sustained the objection as to the certificate, and ruled the same out as illegal testimony of the facts stated in it. To which ruling and decision plaintiff, by his counsel, excepted.

Plaintiff then introduced, as a witness, *James Kennedy*, who testified, that in 1846 he went with plaintiff to Bryan county, to superintend his hands in cutting wood. That Dillon told him he owned four thousand acres of land in that neighborhood, and pointed out the land in controversy as a part of it. That as agent for Dillon at that time, he had wood cut off the land; acted as agent six or eight months, during which time had cut wood on the land as occasion required; had been round the land and knew the boundaries, but was no surveyor. Did not know how many trees he had cut.

*Esau Lee* testified, that he had been employed under Kennedy in 1846, to cut timber on the land in dispute and adjoining lands; that he knew the land; had once carried the chain when it was surveyed. Did not know how much timber was cut. That he was in Dillon's employment eight

years; had charge of the land after Kennedy left. Lived on a tract belonging to Dillon, about a mile and a quarter from the one in dispute. Considered he had possession of the tract in dispute, as much so as the one on which he lived. Had cut wood upon it, but could not say how much.

Plaintiff here closed.

Defendant introduced,

1st. A grant from the State to William Wilder for seven hundred acres of land in Bryan county, dated — day of —— 1819.

2d. A deed from Wilder to Ebenezer Jenckes, of said tract, dated — day of June, 1828.

3d. A deed from Jenckes to Mattox, the defendant, dated — day of ——, 1853.

4th. A survey made under rule of Court in this case, showing that the grant to Wilder covered the land granted to Williams in 1835.

*William H. Edwards* swore that he was the surveyor under the rule of Court, and that the plat produced in Court was correct, and that the Wilder grant covered the Williams grant. Had lived near the land all his life, and had never seen acts of ownership exercised over it. Dillon had cut some trees on it, and had a landing on it for shipping his wood, but it had also been used by himself and his father; believes it was a common landing. Knows nothing of his own knowledge of Wilder, or a bridge on the land.

*Eli Futch* swore that he knew a bridge called Wilder's bridge on the land in dispute. Wilder left Bryan county many years ago. Was present when Edwards run the land. Knew the land for thirty years, and saw the bridge; no settlement on it, and bridge swept away in 1824. A poor widow lived in a shanty on Dillon's land, but not on the land in dispute.

The testimony here closed, and under the charge of the presiding Judge, the jury found for the defendant.

Whereupon counsel for the plaintiff tendered his bill of exceptions, and assigns for error, that the Judge erred in refusing to admit in evidence the plat and certificate thereto attached, made and certified by Cyrus Bird, County Surveyor.

LLOYD & OWENS for plaintiff in error.

HARDEN & GUERARD for defendant in error.

*By the Court*, McDONALD, J. delivering the opinion.

[1.] The certificate of the County Surveyor was admitted for all that it could legally prove, and perhaps more. The certificate, as an original paper, was not evidence. The certificate of the Surveyor, so far as the document was concerned, could do no more than authenticate a copy from the record in his office, and that might have been submitted to the jury to prove the *locus*. This seems *to me* to be the proper construction of the acts of 1819 and 1830. *Cobb* 272 *and* 273. The latter act, from which it is claimed that official certificates of matters of fact are admissible evidence, cannot, in my opinion, receive such a construction. The proviso would forbid it, for it declares that nothing in that act contained "shall be so construed, as to prevent any Court to require the production of the original to which said certificate may appertain."

The plat of the premises sued for, and the certificate appended thereto, to prove that the plaintiff had exercised acts of ownership over them, and that he was in possession in 1841, were inadmissible for that purpose. The processioning of lands, or a resurvey, is not evidence of either possession or ownership. They may be evidence of metes and bounds.

The only case in which the law makes the plat of a survey, when recorded and certified by the County Surveyor,

admissible as evidence of title, is when the route of a water course, which is the boundary of a tract of land, is so changed as to leave the whole or part of the tract of land on the opposite side from that on which it was at the time of the survey, and the County Surveyor is called on to make an accurate survey of the part of the tract cut off. *Cobb* 718–719.

[2.] The certificate contains statements which cannot be proved in that way: 1st. That the lands were owned by John Dillon. 2nd. That they were granted to the individuals named. 3d. That they were surveyed in 1832–3, and resurveyed in 1841. The first two points, it is proper to say, are immaterial in this case, as the plaintiff had submitted competent evidence to the jury in reference to the same matter—the grant to Williams and the deed from Williams to plaintiff; but the resurvey cannot establish a possession to bar him who has the rightful title. A possession, to have that effect, must be open, notorious, visible and continued. An entry, merely for resurvey, is neither an open, notorious nor a continued possession, and is perfectly consistent with an acknowledgment of the better title of the other party. To bar the older title, there must be a possession, such an one as may indicate to the owner that there is an adverse claimant of his land. Passing through a tract of land, or around it, and marking trees, is no such possession. It is no disseizin. The Court was therefore right in rejecting the evidence, whether we consider the mode of proof, or its relevancy to the issue; and the judgment must be affirmed.

Judgment affirmed.