## FERRELL *et al. vs.* HURST *et al.*

1. While a mistake in the name of a grantee of land from the state cannot be proved by parol when it is offered in evidence, yet where the grant described the grantee as "Ferrell" and the plat accompanying it described him as "Terrell," and each located him in a certain district, there was a patent ambiguity, and parol testimony was admissible to show that Ferrell was the name of the man living in that district, and that no such man as Terrell lived there.

2. For a like reason, a duly authenticated copy of the return of the drawing, made at the time, was admissible to show that Ferrell had been returned as the drawer of the land.

3. The charge of the court, as a whole, was correct, as was his refusal to charge as requested.

4. Whether an affidavit to attack the genuineness of a deed is such a defence as may be sworn to before a notary, where made out of the state, and such as may be attested by him without more. *Quære?*

5. We find no material error in the rulings of the court, and as under the evidence there must necessarily be a verdict similar to that rendered, the grant of a new trial was error.

Evidence.   New Trial.   Charge of Court.   Deeds. Grants.   Before Judge FLEMING.   Worth Superior Court. April Term, 1881.

Reported in the decision.

WARREN & HOBBS, for plaintiffs in error.

D. A. VASON; D. H. POPE, for defendants.

JACKSON, Chief Justice.

This suit was brought to recover a lot of land in the county of Worth, by the heirs at law of Cuthbert Ferrell, against Hurst and Andrews. Under the charge of the court, the jury found for the plaintiffs.   The defendants made a motion for a new trial, which was granted, and the plaintiffs excepted.   The pleas are, not guilty, and seven years' adverse possession under color of title.   According to the testimony, the defendants went into possession in 1869, and as the suit was brought in 1871, the defendants fail to show title by prescription, so that the issue is narrowed to the point whether the plaintiffs show title from the state to their ancestor.   Their ancestor is Cuthert Ferrell, and if the grant of the state to this lot of land was made to him, the plaintiffs are entitled to recover.   Whether made to him or to Cuthbert Terrell was really the contest in the court below, and the motion for new trial, which is based upon alleged errors of the judge in admitting and rejecting testimony, and in charging the jury in respect to the plat and grant, must have been granted by the court on what he considered an error he had committed on some of these points; for, if the evidence was properly in, and if all was in that ought to have been admitted, the verdict must be right, for the reason that the grant passed the title to the immediate ancestor of these plaintiffs, and that title, on his death, descended to them.

Is there error in these rulings, or any of them?

1. The court admitted parol evidence, to throw light on a patent ambiguity in the plat and grant.   In the plat attached to and accompanying the grant the grantee's name is plainly written Cuthbert Ferrell; in the grant itself, it is written Cuthbert Terrell, in one part plainly, but in another with a somewhat peculiar twirl about the T, but not such a mark as indicates clearly the letter F, or changes the T to an F with absolute certainty.   The parol proof was, that no such person as Cuthbert Terrell lived in Kennedy district, Jasper county, at the time of the drawing, but Cuthbert Ferrell did, and both grant and plat located the drawer as of that district and county.   This testimony is uncontradicted, and shows that the plaintiffs' ancestor was the fortunate drawer, and the ambiguity or doubt arising on the face of the plat and grant—one having him clearly Ferrell and the other apparently Terrell—must be solved in favor of Ferrell, for the simple reason that such a person lived where *this true drawer* and grantee lived, and cannot be solved in favor of Terrell, because no such human being was there, or thereabouts, anywhere about that time.

The Code, section 3801, declares, that "parol evidence is admissible to explain all ambiguities, both latent and patent."   This is an ambiguity patent on the face of the plat and grant, and under this section, unless some other law forbids, it may be explained by parol evidence.   To explain, is to make plain and clear, to relieve from obscurity or doubt.   The doubt is, to whom is this land granted—to Ferrell or Terrell.   The doubt arises on the papers, from the fact that in one place it is Ferrell, in the other Terrell.   To relieve the plat and grant of this ambiguity, parol evidence is admissible.   16 *Ga.*, 521; 24 *Ib.*, 338; 25 *Ib.*, 141; 27 *Ib.*, 58; 32 *Ib.*, 348; 38 *Ib.*, 648.

But it is said that another section of the Code conflicts with this.   Section 2361 declares that a mistake in the name of the grantee cannot be proved by parol, and sections 2353 *et seq.*, declare how errors in issuing and

recording grants may be corrected, and among them, "error in the name or residence of the grantee." It is conceded that the lines of correcting mistakes in the name of the grantee and explaining ambiguities in relation to that name, run close to each other, yet we think that there is space enough between them to be discerned. In a mistake or error such as the last cited sections refer to, there is no ambiguity about the name, but there is a clear mistake to be corrected. In an ambiguity, there is doubt as to the name intended to be written, either from obscurity in the penmanship, or the name being written differently in different parts of the paper. These two sections, or clauses of sections of the Code, must be construed together, and so that both may stand if possible, and neither destroy the other; and so endeavoring to construe them, we think where the name appears one in the grant and another in the plat accompanying and attached to it, and a part of it, and the difference in the two consists only in the first letter, and that letter differing only in the absence of one little stroke of the pen, this parol evidence was admissible to show that, by the residence at the time of the drawing, F was meant in all the paper rather than T. and that Ferrell, not Terrell, was the grantee.

2. But the court also admitted a copy of the record in the secretary of state's office, under the certificate of that officer, that Cuthbert Ferrell, was therein returned as the fortunate drawer, and that he resided in Kennedy's district, Jasper county. If parol testimony threw light on the ambiguity, this cotemporaneous writing threw stronger rays upon it; and the copy of the record, so certified, is admissible in any court, if it does throw light on the case. Code, §§83, 3816, 3817.

3. From these views in regard to the admissibility and effect of the parol and record evidence above considered, it follows that the refusal to charge to the effect that the inquiry of the jury should be confined to the grant alone, without reference to the plat, was not error, but accords

with our view of the law of the case, and that the charge of the court, taken as a whole, is substantially correct in the judgment of this court.

4. And this leaves for our consideration only the questions arising on the defendants' testimony. The plaintiffs attacked one of their deeds for forgery, and the affidavit was made in the state of Mississippi and before a justice of the peace there. There was no authentication by any other officer of Mississippi that this officer was a justice of the peace, and one question made is this: is such authentication necessary under the act of 1870, codified in section 3450? That section reads: "All pleas or *defenses*, in any court of this state, which have to be filed under oath, shall be held to be sufficiently verified when the same are sworn to before any notary, justice of the peace, etc., of the state or county where the oath is made, etc.; and such oath, so made, shall have the same force and effect as if it had been made before an officer of this state, authorized to administer the same. The official attestation of the officer before whom the oath or affidavit may be made, shall be *prima facie* evidence of the official character of such officer, and that he was authorized to administer oaths."

While this affidavit was rather an attack on defendants' defenses than a defense in the sense of this act, and therefore, perhaps, improperly admitted by the court, to open the attack on one link of their chain of title, we do not see how it hurt them, for the reason that the deed so attacked was rejected by the court because it was, from its very appearance, not an ancient deed, over thirty years old. Code, §2700. Under that section, it was for the court to pass upon its appearance, and not having it before us, we cannot say that his judgment thereon was wrong.

Besides, this attack seems confined to registered deeds by the Code, section 2712, and this was not, so far as appears from the record, a registered deed, but was offered as an ancient deed which proved itself without registration

5. On what ground the court granted the new trial, the record does not disclose; and as we see no material error in his rulings on the law, and if the testimony was all properly admitted, there is plenty to sustain and require the verdict, we must uphold it, and reverse the judgment which set it aside and awarded the new trial.

Judgment reversed.