Walker vs. Logan.

## WALKER vs. LOGAN.

1. The verdict that the deed relied on in this case was a forgery, was supported by the evidence, it appearing that the deed purported to have been executed in 1835 and was not recorded until 1883, when the subscribing witnesses were dead, and shortly before the suit for the land was brought; and also that the alleged grantor could not, in fact, write his name, and signed interrogatories with his mark, denying the signatures of the deed, while the deed purported to be signed in writing.

2. A certificate from the secretary of state, not certifying to a copy of the records in his office, but to the effect that he had examined the grant from the state, and from its appearance, thought it genuine, was not admissible.

(a.) Were it admissible, it could hardly affect the result of the issue on the genuineness of the deed relied on.

December 15, 1885.

Deeds. Forgery. Record. Evidence. Before Judge BRANHAM. Paulding Superior Court. February Term, 1885.

James L. Logan brought complaint for land against Anderson Walker. The plaintiff, by affidavit, raised an issue of forgery on a deed held by the defendant. On the trial, the jury found that the deed was not genuine. The facts on which the verdict rests are sufficiently stated in the decision. The defendant moved for a new trial, on substantially the following grounds:

(1.) Because the verdict was contrary to law and evidence.

(2.) Because the court rejected from evidence a grant from the state to Henry Carver (under whom both parties claimed); also the following certificate from the secretary of state:

"I hereby certify that, after a careful examination and inspection of the records of this office and the plat and grant for the lot of land number (628) six hundred and twenty-eight, in the third district and third section of Paulding county, I have no doubt that said plat and grant are genuine and issued by the state to Henry Carver, as the drawee of said lot, which grant bears date 11th day of June, 1834, and to which this certificate is attached."

The motion was overruled, and the defendant excepted.

W. E. Spinks; I. F. Thompson, for plaintiff in error.

J. M. Spinks, for defendant.

Jackson, Chief Justice.

On the trial of an issue, whether a deed was forged or not, under section 2712 of the Code, the jury found that it was a forgery, and thereupon the plaintiff in error made a motion for a new trial, the denial of which, on two grounds in that motion specified, brings the case here for review.

. The verdict that the deed is a forgery and not the genuine deed of the grantor is supported by the evidence. The fact that, though executed in 1835, it was not recorded till 1883—nearly a half century thereafter—is a very strong evidence or circumstance of want of genuineness; and the fact that the grantor could not write his name, which is in writing on the deed, is stronger—I had almost said conclusive—evidence of the forgery; and the additional evidence that he swears by interrogatories, signed only by his cross-mark, that he did not sign or make any such deed, would seem to clinch the truth of the verdict which pronounced it a forgery. On the other side, to overcome this overwhelming evidence, is testimony that the witnesses delivering it on the stand believe that the handwriting of the two dead witnesses to the deed is genuine. It is a feather weighing in scales against a ton of iron.

2. If it had been error to exclude the grant from the state, with the certificate of the secretary of state thereon a new trial ought not to have been granted on account of that error, because it could not have changed the verdict on the issue of forgery of the deed. But it was not error, because the certificate of the secretary of state was not a

certificate of aught in his office recorded therein, but a mere expression of opinion that the grant from the state was genuine. It seems that he looked at the grant itself, and from its appearance thought it genuine. We know of no law which allows such an opinion by the secretary of state, certified to merely, and not sworn to as a witness, to be evidence in any court on any trial.

But we repeat that the genuineness of the grant was not the issue, but that of the deed; and the fact that he, who was the grantee in the deed, was in possession of a grant from the state, believed by the secretary of state to be genuine, could hardly overcome the oath of the grantor, the fact that he could not write his name, and the failure to put the deed on record till all the witnesses to it were dead, and only just before the suit for the land, nearly half century after the deed was made. Really, it does seem that the counsel for defendant in error was right when he said that the facts demanded the verdict.

Judgment affirmed.