## CLARK v. THE EMPIRE LUMBER COMPANY.

1. The books of tax returns in the office of the comptroller-general are of equal rank as evidence with those in the proper offices of the respective counties, and the certificate of the comptroller-general touching the contents of such books is no less admissible than the certificate of the proper county officer would be.
2. Objection to evidence which does not appear to have been presented in the court below will not be passed upon by the Supreme Court.
3. The evidence showing that land conveyed to a wife by a third person was paid for by her husband, and there being no evidence of any consideration advanced by her to the husband, the transaction is a gift from him to her.
4. After seizure of the land as his property by virtue of an attachment against him, a joint deed from the husband and wife to a purchaser from them is affected by the doctrine of *lis pendens*, and will not prevail over the lien of the attachment.
5. Where there is no evidence of any purchase by the wife from the husband, it is not error to omit or deny instructions on that subject in charging the jury.

6. Where the description in the levy of the attachment as returned by the officer is otherwise d finite, the omission to set out the number of feet in the frontage of the premises on a certain street will not prevent the doctrine of *lis pendens* from applying to one who purchases the same pending the levy.

October 19, 1891.

Evidence. Practice. Husband and wife. *Lis pendens.* Charge of court. Levy. Before Judge MARSHALL J. CLARKE. Fulton superior court. March term, 1891.

Reported in the decision.

MAYSON & HILL, for plaintiff in error.

P. L. MYNATT and ROSSER & CARTER, *contra.*

SIMMONS, Justice.

Montgomery gave to Willingham an order for 800,-000 feet of lumber on the Empire Lumber Company. In payment for the lumber, Willingham, on March 29th, 1888, conveyed to Mrs. Montgomery, at Montgomery's request, certain realty in the city of Atlanta. The lumber not having been paid for by Montgomery, the Empire Lumber Company commenced suit against Montgomery by attachment April 29th, 1888, which attachment was on the same day levied on one of the lots conveyed to Mrs. Montgomery. The attachment was filed in the clerk's office May 2d, 1888; and on May 8th, 1888, Montgomery and his wife conveyed the lot levied on by the attachment to Clark, the claimant in this case. The declaration in attachment was filed November 23d, 1888, and on March 25th, 1889, judgment was obtained thereon against Montgomery. In the description of the property levied on, made by the sheriff on the attachment, the number of feet in the frontage of the premises on a certain street was omitted. After the judgment was obtained, the levy, declaration and judgment were amended, under an order of court, so as to give the proper number of feet in the frontage of the

lot. Execution was issued on this judgment and levied upon the land, and Clark interposed a claim thereto. On the trial of the claim the jury found the property subject, and Clark made a motion for a new trial, which was overruled by the court.

1, 2. The 4th ground of the motion for a new trial complains that the court erred in admitting the certificate of the comptroller-general in evidence, such certificate, if admissible at all, not properly coming from his office, but from the county tax-receiver. This ground of the motion does not state that the certificate of the comptroller-general was objected to at the time it was offered in evidence, or, if any objection was made, what the objection was. The ground of the motion when heard before the judge, was that the certificate should have been from the tax-receiver of Dougherty county instead of from the comptroller-general. We have frequently decided that where a motion for a new trial is made on the ground that the court admitted illegal evidence, the motion must state that the objection was made when the evidence was offered, and what the objection was; and unless this is done we will not consider such ground.

(a) If, however, the reason assigned in this motion had been presented at the trial, there would have been no error in overruling the same. Under the law (Code, § 849), it is the duty of the tax-receiver of each county in this State to make out three copies of the tax digest for his county. One of these copies it is his duty to transmit to the comptroller-general, and it is filed in the latter's office. And section 3816 of the code declares that this officer's certificate "shall give sufficient validity or authenticity to any copy or transcript of any record, document, paper or file, or other matter or thing" in his office, "or pertaining thereto, to admit the same in evidence in any court of this State." The

comptroller-general's certificate of the contents of the tax digest is therefore of equal rank as evidence with that of the ordinary or other proper officer of the county where the digest was made.

If the objection had been made to this certificate that it was not a certificate of the contents of the tax digest, but a certificate of the fact that the digest did not contain the name of Montgomery, it would have presented a very different question, and perhaps the court would have sustained the objection and ruled out the certificate. Upon this question see *Henderson* v. *Hackney*, 16 *Ga.* 521; *Miller* v. *Reinhart*, 18 *Ga.* 245; *Dillon* v. *Mattox*, 21 *Ga.* 113; *Martin* v. *Anderson*, *Id.* 308; *Ferrell* v. *Hurst*, 68 *Ga.* 132.

3. The 5th ground complains, in substance, that the court erred in charging that if the jury should believe from the evidence that the consideration for the deed from Willingham to Mrs. Montgomery was furnished altogether by Mr. Montgomery, Mrs. Montgomery furnishing no part of the consideration, this would be a gift from Montgomery to her. The evidence discloses that Montgomery ordered the lumber from the lumber company, sold it to Willingham, and Willingham paid Montgomery therefor by conveying certain realty to the wife at the request of the husband; and there is no evidence that the wife paid or advanced any consideration whatever to the husband for the land. Upon this state of facts this would be clearly a gift by the husband to the wife; and there was therefore no error in the charge complained of.

4-5. The 6th ground complains of the following charge: "If you should believe from the evidence . . . that the deed from Mr. Montgomery and Mrs. Montgomery to the claimant was executed after the levy of the attachment in favor of the plaintiff against the defendant, George F. Montgomery, then it would

be your duty to find the property subject to the execution." The objections to this charge urged on the part of the plaintiff in error were, (1) that an attachment levied on the property of Montgomery cannot affect the purchaser for value and without fraud who buys from Mrs. Montgomery ; (2) the doctrine of *lis pendens* only applies where the parties to the record or liens are the same with whom the purchaser deals. The evidence shows that the attachment was levied upon the land as the property of Montgomery, the husband, April 29th, 1888, and was filed in the clerk's office May 2d, 1888, and that on May 8th, 1888, Clark purchased the land from Montgomery and his wife, and the deed to him was signed by the husband and wife. The first objection was not sustained by the evidence. Instead of purchasing the property from the wife alone, the evidence shows that Clark purchased from the husband and wife, and the deed he took was signed by both; and this purchase was made after the land had been levied upon as the property of the husband and the levy had been filed in the clerk's office. He was therefore affected with notice of the pendency of the suit, and of the seizure of the property as the property of the husband. The doctrine of *lis pendens* clearly applies under such a state of facts.

6. It was also objected to the charge of the court, that the doctrine of *lis pendens* would not apply in this case, because the levy as entered on the attachment omitted to state the frontage of the lot, and as this error was not cured until after judgment, when by order of court the levy was amended by stating the proper frontage, *lis pendens* would only apply from the time of the amendment. As to this we hold, that where the description in the levy of the attachment as returned by the officer is otherwise definite, the omission to set out the number of feet in the frontage of the premises on a

certain street will not prevent· the doctrine of *lis pendens* from applying to one who purchases the same pending the levy.

There was sufficient evidence to support the verdict, and the charge of the court on the subject of insolvency was legal and proper.    *Judgment affirmed.*