## YOUMANS *et al. v.* FERGUSON.

A paper purporting to be a will probated in the District of Columbia, accompanied by a certificate of the register of wills of that jurisdiction, stating "that said will, after having been proven by the witnesses, was, by order of the Supreme Court of the District of Columbia, holding a special term for orphan's court business, duly admitted to probate and record on June 23rd, 1868," but unaccompanied by anything purporting to be a duly certified copy of the judgment of probate, is not admissible as a judicial proceeding of a sister State. This is so although the paper be accompanied by duly certified copies of the affidavits of the attesting witnesses.

Submitted January 30, — Decided March 7, 1904.

Injunction.    Before Judge Parker.    Clinch superior court. June 27, 1904.

*Wilcox & Johnson* and *C. J. Haden,* for plaintiffs in error.
*Toomer & Reynolds,* contra.

CANDLER, J.   This was a suit for injunction to restrain the cutting and removal of timber from a lot of land in Clinch county. The plaintiff claimed a perfect title to the land, and alleged both insolvency and irreparable damage.    The defendants denied the material allegations of the petition.    Upon the hearing the court granted an injunction as prayed, and the defendants excepted.

The decision of a single question raised in the bill of exceptions necessarily controls our judgment, and to that question only will we direct attention.    The plaintiff tendered in evidence what purported to be the last will and testament of one Lumsden, of Georgetown, D. C., attached to which was a certificate of the register of wills of the District of Columbia, stating "that said will, after having been proven by the witnesses, was, by order of the Supreme Court of the District of Columbia, holding a special term for orphan's court business, duly admitted to probate and record on June 23rd, 1868."    The defendants objected to the admission of this paper, on the ground that "it did not appear from the instrument or the certificate thereto attached, by any lawful evidence, that the original will had ever been admitted to probate and record; that the certificate of the register of wills, attached to said copy, and in which it was stated that such order had been passed by the Supreme Court of the District of Columbia, was not the best evidence thereof, a certified copy of said order being the highest, best, and only proper evidence of such fact."    This objec-

tion was overruled and the evidence admitted.     We are satisfied that this was error.     The Civil Code, § 5167, provides:  " Copies of records of judicial proceedings, and wills admitted to probate, are admitted as primary evidence, when properly authenticated. In all other cases a copy is secondary evidence."     In the case of *Miller* v. *Reinhart*, 18 *Ga.* 239, it appeared that the clerk of the superior court had certified that one J. M. R., an alien, had petitioned the court to be admitted a citizen, and, having in all things complied with the law in such case made and provided, the said J. M. R. was accordingly admitted a citizen of the United States, having first taken and subscribed in open court the oath of naturalization.     It was held that this certificate was not sufficient to show J. M. R. naturalized.     "An officer can not certify to a fact.     He can only certify to the correctness of copies taken from the records."     In this case the judgment of the court admitting the will to record should have been taken from the minutes of the court and this judgment certified.     To allow the clerk to certify to the action of a judge would be to accept as evidence his conclusions as to the effect of such action, and these conclusions might not in all cases be correct.     The court passing upon the admissibility of the evidence should have had before it a certified copy of the judgment purporting to probate the will, and in the absence of such evidence it was impossible to say whether the will had been properly and legally admitted to record.     In the case of *Lamar* v. *Pearre*, 90 *Ga.* 378 (2), it was held:  "A certificate of the clerk of the superior court, stating two cases by name, and adding 'that the above-stated cases have been duly dismissed, as appears from the dockets of said court,' is not admissible in evidence to show that the cases were in fact dismissed."     See also *Henderson* v. *Hackney*, 16 *Ga.* 521; *Dillon* v. *Mattox*, 21 *Ga.* 113; *Martin* v. *Anderson*, 21 *Ga.* 308; *Walker* v. *Logan*, 75 *Ga.* 759; *Clark* v. *Empire Lumber Co.*, 87 *Ga.* 745; *Hines* v. *Johnston*, 95 *Ga.* 644; *Greer* v. *Fergerson*, 104 *Ga.* 552.     In the case at bar, the certificate of the clerk does not purport to establish the accuracy of any copy from the records of his court, but merely states what, in the opinion of the officer, was the legal import of certain action taken by the judge of the orphan's court.

It was urged, on the argument in this court, that the copy of the will was properly admitted, because attached thereto and duly

certified were the affidavits in proper form of the three attesting witnesses. This suggestion is wholly untenable. Wills are in many instances duly proved, and yet for various legal reasons are refused probate. The fact that the person propounding the will for probate made out a prima facie case which would have entitled it to record is by no means conclusive evidence that the will was probated. What has been said is applicable whether the record was offered as a transcript of a record of a judicial proceeding of a sister State, under the Civil Code, § 5237, or under § 5167, hereinbefore set forth.

Without the admission of this will in evidence the case of the plaintiff must necessarily have failed, and as the evidence was erroneously admitted, another trial must result. As the ruling here announced controls the decision of the case, it will be unnecessary for us to pass on the other questions made by the bill of exceptions. *Judgment reversed. All the Justices concur.*