STERLING *et al. v.* MAYOR AND ALDERMEN OF ST. MARYS.

ATKINSON, J.  1.  On April 5th, 1910, twelve plaintiffs united in one ac-
tion to enjoin the sale of their respective properties under executions is-
sued against each of them individually for taxes for the year 1909 by
the Mayor and Aldermen of the City of St. Marys, and obtained a
restraining order.  One of the plaintiffs died about July 1st, 1910, and
there was no representation upon his estate.  The case was set for hear-
ing in a different county on November 11th, 1910.  On the 10th of
November, and also prior thereto (the date not being disclosed by the
record), the plaintiffs' counsel had applied to the clerk of the Mayor
and Aldermen of the City of St. Marys for a certificate relative to cer-
tain matters which he desired to introduce in evidence, but which on
both occasions the clerk refused to give.  *Held:* (*a*)  The plaintiff who
had died was not a necessary party to the suit of the remaining plain-
tiffs, and his death furnished them no ground upon which to continue
the case.  (*b*)  Even if the certificate of the clerk would have been
admissible, the plaintiff showed no such diligence as would have required
the judge to postpone the case.
2.  A statement of the clerk of a municipal council, made to a person who
inquired of him as to the existence of a municipal ordinance, that no
such ordinance appeared upon the record in his office, and that he had
never seen any such ordinance, and knew nothing of its existence, is
mere hearsay and not admissible in evidence to prove the non-exist-
ence of such an ordinance, in a suit against the municipality to en-
join the collection of a tax.  See *Griffin* v. *Wise,* 115 *Ga.* 610 (41 S. E.
1003), and citations; *Youmans* v. *Ferguson,* 122 *Ga.* 331 (50 S. E. 141),
and citations.
(*a*)  Such a statement can not be introduced in an action of the char-
acter mentioned, on the theory that it was the declaration of an agent
made dum fervet opus.
3.  Even if the municipality of St. Marys did not have the power to assess
and collect taxes for general purposes of the municipality under its
original charter and various amendments thereto, such power was ex-
pressly given under section twelve of an amendment to its charter
passed in 1908 (Acts 1908, p. 911).
4.  Under the evidence submitted by the plaintiffs, and that introduced
by the defendants without objection, there was no abuse of discretion
in refusing to grant an ad interim injunction.
*Judgment affirmed.  All the Justices concur, except Hill, J., not presiding.*
                              DECEMBER 13, 1911.

Petition for injunction.  Before Judge Conyers.  Camden su-
perior court.  November 12, 1910.

*Crovatt & Whitfield,* for plaintiffs.

*S. C. Townsend,* for defendant.