[No. 9527.   Department One.   July 20, 1911.]

JOHN FRIES *et al.*, *Respondents*, v. FRANKLIN M. LOCKWOOD
*et al.*, *Appellants.*[1]

APPEAL—REVIEW—FINDINGS.  A finding of a rescission of a con-
tract on May 5, will not be disturbed because the only evidence of a
rescission was on the 2d and 3d, it not appearing that the court at-
tached importance to the date.

REPLEVIN—EVIDENCE—FAILURE OF PROOF.  A judgment in replevin
for the return of two spans of mules and harness and wire fencing,
or their value, cannot be sustained where the proof failed to show
that defendant was in possession of the harness or wire fencing,
and there was no evidence of the value of the mules disassociated
from the harness.

Appeal from a judgment of the superior court for Walla
Walla county, Brents, J., entered January 27, 1911, upon
findings in favor of the plaintiffs, after a trial on the merits
before the court without a jury, in an action of replevin.
Reversed.

*Edward C. Mills*, for appellants.

*H. S. Blandford, John H. Pedigo*, and *Everett J. Smith*,
for respondents.

GOSE, J.—This action was brought to recover the posses-
sion of certain personal property, or its value in case a de-
livery could not be had, and for damages for its detention.
From a judgment in favor of the plaintiffs, the defendants
have appealed.

The Fries will hereafter be referred to as if they were the
sole respondents.  The controversy arose out of a contract
between the respondents and the appellants for an exchange
of properties.  The contract provides that, if the exchange
fails in consequence of defects in the title to the respondents'
property, the appellants shall retain two spans of mules,
selected by them, as liquidated damages by reason of their

[1]Reported in 116 Pac. 640.

having given the respondents the possession of their property. The respondents had no title to a part of the property which they agreed to convey.

The complaint alleges, that the appellants, on or about May 5, 1910, notified the respondents that they rescinded the contract and would not comply with its terms, and that the respondents then agreed to the rescission; that prior to the date of the rescission, the appellants wrongfully took, and still hold, possession of two spans of mules of the value of $1,100, two sets of harness of the value of $100, and two rolls of wire fencing of the value of $28, and that the net value of the use of the mules is one dollar per day per span. The appellants, in their answer, deny a rescission upon their part; allege a defect in the title to a part of respondents' property; allege that the respondents breached the contract; admit possession of the mules; deny possession of the harness and wire; and deny the averment as to the value of the property and the value of its use. The contract is dated March 22, 1910.

There are no findings of fact other than those contained in the judgment. The judgment recites that, pursuant to the contract, the respondents delivered to the appellants two spans of mules of the value of $500 per span, two sets of harness of the value of $50 per set, and two rolls of wire fencing of the value of $28; that "on the 5th day of May, 1910," the appellants notified the respondents that they rescinded and would not perform the contract; that thereupon the respondents and the appellants, by mutual consent, rescinded and revoked the contract; and that the respondents have been deprived of the use of the personal property mentioned, to their damage in the sum of $300. The judgment was entered for the recovery of the mules, harness, and wire, or in the alternative for $1,128, in case a delivery could not be had, and for $300 damages for the detention thereof.

The appellants urge, with great earnestness, that the finding of the court that they refused to perform the contract

is against the preponderance of the evidence, and that the evidence shows that the exchange of properties failed of consummation in consequence of a defect in the title to a part of the respondents' property, and their refusal to substitute other property of equal value, as they were authorized to do under the contract. There is an irreconcilable conflict in the testimony on this question, and we have somewhat hesitatingly concluded to be controlled by the findings of the learned trial court. A review of the evidence would serve no useful purpose. The appellants further urge that practically the only evidence offered by the respondents in support of the finding that the appellants breached the contract, is to the effect that the appellant husband, declared, on May 2 and 3 respectively, that the "deal was off," and that he would not perform. They insist that the finding of the court that they rescinded on May 5 is a repudiation of the respondents' testimony as to the appellants' declarations on those dates. We are not disposed to attribute that importance to the date named in the finding. The court, no doubt, reached its conclusion upon all the evidence submitted upon both sides, and, after weighing it, resolved the case against the appellants.

We, however, find nothing in the record tending to show that the appellants at any time had possession of either the harness or the wire. They joined issue on this question in their answer, and the burden was, of course, on the respondents to prove their possession. Nor do we find in the record any evidence of the value of the mules, disassociated from the harness. In the contract for an exchange of properties, a valuation of $550 was placed upon each span of mules with harness. The respondent John Fries, while testifying, was asked by the court to state the reasonable rental value of the mules, and answered: "These mules were priced to Lockwood at $1,100 with the harness," and that they were worth one dollar per day. There is no other evidence of the value of the mules, or of the value of the mules with the harness. The

judgment, as we have seen, is for a return of the two spans of mules, two sets of harness, and two rolls of wire, or for $1,128, "the value thereof" in case a delivery cannot be had. If there was any evidence of the value of the mules, standing alone, we would direct a modification of the judgment to that amount; but there is no such evidence.

The appellants complain that the damages awarded for a detention of the property are excessive, viewed in the light of a reasonable interpretation of the evidence. If we could finally determine the case here, we would be disposed to reduce the damages to $200. We do not think the evidence before us justifies a larger recovery.

The judgment is reversed, with directions to grant a new trial upon the question of the possession and value of the personal property and the damages resulting from its detention. The appellants will recover the costs of the appeal.

DUNBAR, C. J., FULLERTON, MOUNT, and PARKER, JJ., concur.