## PAULS VALLEY COMPRESS & STORAGE CO. v. HARRIS.

No. 5907—Opinion Filed Jan. 2, 1917.

(162 Pac. 216.)

**1. Appeal and Error—Briefs—Assignments of Error—Authorities.**

Where counsel for plaintiff in error presents a large assignment of errors, and wholly fails to cite any authorities, and it is not apparent to the court that any ot them are well taken, the court will not notice that class of assignments further, but will only notice such assignments upon which authority is cited pro and con. 35 Okla. 128, 128 Pac. 696.

**2. Warehousemen — Liability — Care Required—"Bailee for Hire."**

"A cotton compress in this state is a 'bailee for hire', and under the statute must exercise at least ordinary care for the preservation of property entrusted to it" (Inland Compress Co. v. Simmons, 59 Okla. 287, 159 Pac. 262).

**3. Appeal and Error—Jury—Challenge for Cause.**

When a juror on his voir dire examination is challenged for cause, and the record does not contain the examination of such juror, the assignment of error cannot be reviewed in this court.

**4. Warehousemen—Actions Against—Ordinary Care—Instruction.**

Where "ordinary care" is required by defendant in a cause, and the court instructs the jury, defining "ordinary care" in substantially the language of the statute (section 2917, Rev. Laws 1910), and from an examination of the entire record it does not appear that the defendant has been prejudiced by the instruction as given, the cause will not be reversed because the court failed to elaborate further upon the definition of "ordinary care" in his instructions.

(Syllabus by Hayson, C.)

Error from County Court. Garvin County; W. R. Wallace, Judge.

Action by A. B. Harris against Pauls Valley Compress & Storage Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Thompson & Patterson, for plaintiff in error.

Albert Rennie, for defendant in error.

Opinion by HAYSON, C. The record discloses that on November 14, 1908, A. B. Harris, defendant in error, filed his bill of particulars in the justice of the peace court of Pauls Valley against the Pauls Valley Compress & Storage Company, plaintiff in error, seeking to recover damages in the sum of $116.17 for damages alleged to have occurred to nine bales of cotton, alleged to have been stored at the compress of plaintiff in error; the said A. B. Harris claiming that such damages were caused by the Compress & Storage Company in negligently permitting the cotton to become water-soaked, and by reason of the negligent manner of handling said cotton upon the part of the compress and storage company that the same became damaged. The plaintiff in error, defendant in the lower court, filed an answer to the bill of particulars, which was later amended in the county court, in which it denies that it stored said cotton, and denies that it was in the storage business, and avers the facts to be that it received the cotton merely as a cotton yard, and not for the purpose of warehousing the same; that the charge made for handling said cotton was the ordinary charge made by a cotton yard, and included 10 cents for the public weigher and 15 cents for "tagging, marking, sampling, and handling the cotton for shipment." The answer also denied that the compress and storage company or its employes were guilty of any negligence in the handling and keeping of said cotton. The cause was tried by the justice of the peace, and judgment rendered for the amount claimed. An appeal was taken to the county court, and a trial had de novo, and the jury rendered a verdict for the sum of $116.17 and interest. The plaintiff in error filed a motion for a new trial, setting up 22 assignments of error. This motion was by the county court overruled, and exceptions saved. From that judgment the plaintiff in error appeals, and files its petition in error in this court, setting up 17 assignments of error. In its brief, however, it urges but 5 assignments, the first, second, fifteenth, sixteenth, and seventeenth assignments, which are as follows:

"First. The court erred in overruling plaintiff's motion for a new trial, to which the plaintiff at the time duly excepted.

"Second. Errors of law occurring at the trial, and duly excepted to by this plaintiff at the time."

"Fifteenth. The verdict of the jury and judgment of the court are excessive, and ap-

pear to have been given under the influence of passion and prejudice, which error was assigned by this plaintiff in its motion for a new trial.

"Sixteenth. The verdict of the jury and judgment of the court are contrary to the law, which error was assigned by this plaintiff in its motion for a new trial.

"Seventeenth. The verdict of the jury and judgment of the court are not sustained by sufficient evidence, which error was assigned by this plaintiff in its motion for a new trial."

The plaintiff in error argues at some length each of these assignments of error, but fails to cite any authority in the argument, except under the second assignment, which is subdivided into six propositions, in only two of which, the first and fourth subdivisions, is an authority cited.

It has long and consistently been the holding of this court that where counsel for plaintiff in error presents a large assignment of errors and wholly fails to cite any authority in support of such assignments, and it is not apparent to the court that any of them are well taken, the court will not notice that class of assignments further, but will only notice such assignments upon which authority is cited pro and con. It was so held in Title Guaranty & Surety Co. v. Slinker, 35 Okla. 128, 128 Pac. 696, and followed in Francis v. First Nat. Bank of Eufaula, 40 Okla. 269, 138 Pac. 140, where Kane, J., said:

"This constitutes the entire argument upon the question sought to be presented, and no authorities are cited in support of the position taken, nor is there any statement to the effect that counsel endeavored to find authorities on the question raised and was unable to do so. As counsel's argument is not convincing, at least not sufficiently convincing to overcome the presumption and our impression that the judgment rendered by the court below is correct, we will not disturb the same."

Cases to the same effect are as follows: Cox v. Butts, 48 Okla. 147, 149 Pac. 1090; Connelly et al. v. Adams et al., 52 Okla. 382, 152 Pac. 607; Arbuckle Min. & Mill Co. et al. v. Beard, 56 Okla. 144, 155 Pac. 1138; Cox v. Kirkwood et al., 59 Okla. 183, 158 Pac. 930; Vernor v. Poorman, 59 Okla. 105, 158 Pac. 615. So in this cause we shall notice first those propositions upon which counsel for plaintiff in error cited authorities, and, having carefully examined the record, and there being no error that is apparent to the court in the record, the other assignments will be only touched upon incidentally as we proceed.

In the first proposition under the second assignment of error, plaintiff in error complains of an abuse of discretion upon the part of the trial court in failing to sustain a challenge for cause to a juror, and cites section 4997, Rev. Laws 1910:

"If there shall be impaneled, for trial of any cause, any petit juror who * * * is of kin to either party; * * * he may be challenged for such causes * * * and any petit juror who shall be returned upon the trial of any * * * causes hereinbefore specified, against whom no principal cause of challenge can be alleged, may, nevertheless, be challenged on suspicion of prejudice against, or partiality for either party. * * *"

The record shows merely by recital that upon examination of the jury on their voir dire, Juror M. C. Powell was challenged for cause, upon the ground that his examination disclosed that said Powell was a brother to the wife of plaintiff's son. The challenge was made before the plaintiff in error had exercised any peremptory challenges; and said juror was later excused on the first peremptory challenge of plaintiff in error. But inasmuch as the record does not contain the examination of the juror on his voir dire, the court cannot review the action of the trial court in refusing to sustain the plaintiff in error's challenge to the juror for cause. Robinson v. Territory, 16 Okla. 241, 85 Pac. 451.

Many other propositions relative to the admission of incompetent testimony are set up under the second assignment of error; but, as above stated, upon an examination of the entire record, we find no merit in the contentions.

In the third and fourth propositions under the second assignment of error, the plaintiff in error complains that the court erred in refusing to give certain instructions, and particularly calls attention to the failure of the court to give the following requested instruction:

"If you find the defendant in this transaction was a bailee for hire as hereinbefore defined, then in the protection and care of the property intrusted to it, it was the duty of the defendant to use ordinary care for the preservation of the property, which means such care and diligence as ordinarily prudent persons in the same line of business are accustomed to exercise towards such property."

It has been definitely settled by this court in the following cases that a cotton compress company in the handling of cotton is a bailee for hire, and under the statute must exercise at least ordinary care for the preservation of property intrusted to it. Inland Compress Co. v. Simmons, 59 Okla. 287, 159 Pac.

262. It was also held in Vogel & Son v. Braudrick, 25 Okla. 259, 105 Pac. 197:

"Where the keeper of a cotton yard received 10 cents for weighing each bale and 15 cents for hauling the same to the railway station for shipment, and it was the custom of said keeper to keep said cotton in said yard between the time of weighing it and hauling it for shipment, such keeping, being a necessary incident of the business in which the keeper makes a profit, constitutes him a bailee for hire, although he may not have received any compensation for the actual storage."

So in this case the plaintiff in error was a bailee for hire, and it was incumbent upon it to exercise ordinary care for the preservation of the property intrusted to it. The instruction in its definition of "ordinary care", under the authority laid down in Muskogee Crystal Ice Co. v. Riley Bros., 24 Okla. 114, 108 Pac. 629, is undoubtedly correct. The latest expression of this court upon the definition is found in Talliaferro v. A., T. & S. F. R. Co., 61 Okla. 27, 160 Pac. 69, which is as follows:

"The term 'ordinary care' denotes such degree of care as is commensurate with the dangers to be encountered, and is determined by the jury in fixing the standard of conduct reasonably to be expected from ordinarily prudent persons under similar circumstances."

Section 2917, Rev. Laws 1910, defines ordinary care to be as follows:

"Ordinary care or diligence is such as they [persons of ordinary prudence] usually exercise about their own affairs of ordinary importance."

The court gave the following instruction:

"You are instructed that ordinary care and diligence is such as persons usually exercise about their own affairs of ordinary importance, and you are further instructed that the ordinary care exercised commensurate with or proportionate to the dangers to be expected."

The first sentence of the instruction given by the court is substantially in the words of the statute. The second sentence as it stands in the record means nothing, but by supplying the words "must be" between the words "exercised" and "commensurate" the sentence is complete, and the definition is substantially as laid down by the statute and upheld by the decisions. Where ordinary care is the standard required by the defendant in a cause, and the court instructs the jury, defining ordinary care in substantially the same language of the statutory definition, and it does not appear from an examination of the entire record that the defendant has been prejudiced by the giving of such instruction, the cause will not be reversed because

the court failed to elaborate further upon the definition of "ordinary care" in his instructions, nor under such circumstances will the cause be reversed for failure to give an instruction that contains a better and fuller definition of "ordinary care," that also submits another question to the jury that is contrary to an instruction given by the court in his charge relating to the defendant's status as bailee under the law of the case. In the beginning of the charge the court instructed the jury that the defendant was "a bailee for hire," and the instruction requested by defendant assumes that this was an open question to be decided by the jury under other instructions requested. The court did not err in refusing to give the instruction as requested.

From an examination of the entire record we find no reversible error in the case. The judgment of the trial court will therefore be affirmed.

By the Court: It is so ordered.