## CONNER, Intervener, v. STATE.

No. 14572—Opinion Filed Dec. 4, 1923.

**1. Appeal and Error — Reversal — Insufficiency of Evidence.**

In a trial of a cause to the court, if on appeal there is no competent evidence to support the judgment of the court, the cause will be reversed and remanded.

**2. Same—Confiscation of Automobile.**

Record examined: held, there is no competent testimony to support the judgment of the court confiscating the automobile of the intervener.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from County Court, Kiowa County; J. S. Carpenter, Judge.

Action by the State of Oklahoma to confiscate one automobile alleged to have been used in transporting intoxicants. Judgment for the State. W. E. Conner, intervener, brings error. Reversed and remanded, with directions.

Tolbert & Tolbert, and Rummons & Hughes, for plaintiff in error.

John T. Hays, Co. Atty., for defendant in error.

Opinion by STEPHENSON, C. About the 22nd day of May, 1922, the officers of Kiowa county arrested Glen F. Conner, who had in his care and custody one Wills St. Claire roadster automobile. The officers inspected the automobile and found one small fruit jar of whisky and small amount in another jar. The county attorney commenced condemnation proceed-

ings against the car for the alleged unlawful use for the transporting of intoxicants. W. E. Conner intervened in the cause and claimed that he was the owner of the car and that Glen F. Conner, his son, committed the act complained of without his knowledge or consent. In a trial of this cause judgment went for the forfeiture of the car and against Glen F. Conner and one Claughley, and in favor of W. E. Conner for an undivided one-third interest in the car. The cause has been appealed to this court by the intervener. and he seeks reversal of the cause for insufficiency of the evidence to support the judgment of the court. It appears from the record that W. E. Conner was making developments for oil in Kiowa county under the name of Conner, Son & Claughley. It further appears from the evidence of W. E. Conner that Claughley is his son-in-law. W. E. Conner testified that his son, Glen F. Conner. worked for the company as an employe, at a salary of $150 per month. and used the car in the performance of his duties for the company's operation and was the owner of the company; he also testified that he was the owner of the automobile sought to be confiscated in this cause. The state offered in evidence an automobile license issued for the automobile in question by the tax collector of Wichita county, Tex., purporting to have been issued to the company. The instrument is not certified as is required by law. The state also offered in evidence another license certificate issued by the state Highway Department of Texas covering the automobile in question in which Glen F. Conner was named as owner, which is not certified to as required by law. The state offered in evidence a fire insurance policy issued on the car in question in which the company was named as owner. There was no proof made that the policy was in existence at the time of the seizure of the car. By stipulation the testimony of W. E. Conner was submitted in the trial of the case in the form of a deposition and he was not present at the trial of the case. It perhaps would not have been error to have received the instruments offered in evidence by the state, if there had been other competent evidence introduced in the cause sufficient to support the judgment of confiscation. The instruments, if they had been properly certified, might be competent evidence in the trial of this or a similar cause in connection with other competent testimony. There is no evidence offered by the state contradicting the evidence of W. E. Conner that he was the owner of the car at the time of its seizure, and

that the wrongful use was without his knowledge or consent. The documents introduced by the state are not sufficient to create an issue of fact as to the ownership of the car in connection with the testimony of W. E. Conner. intervener.

If there is any competent testimony that reasonably tends to support the judgment of the court, the cause will not be reversed for insufficient testimony, but if the judgment rests wholly on incompetent testimony, the cause will be reversed. Kanotex Ref. Co. v. Bonifield, 74 Oklahoma, 183 Pac. 971; Lindsay State Bank v. Cornelius, 76 Okla. 273, 185 Pac. 97.

The documents as introduced in the cause by the state, standing unexplained and unsupported by other competent testimony are consistent with the intervener's claim of ownership.

Therefore it is recommended that this cause be reversed with directions that the forfeiture proceedings against the car in question be dismissed.

By the Court: It is so ordered.