**BOARD of ED. of CITY of SAPULPA v. AMERICAN NAT. BANK.**

No. 13149—Opinion Filed Sept. 30, 1924.

Rehearing Denied Nov. 25, 1924.

Second Rehearing Denied Dec. 23, 1924.

**1. Municipal Corporations—Funding Bonds —Statute.**

Section 4268, Comp. Stat. 1921, provides: "Every county, every city or town, the board of education of every city, every township, and every school district is hereby authorized and empowered to refund its indebtedness, including bonds, judgments and warrants," and municipal officers are without power to issue funding bonds in payment of claims not falling under one of the heads mentioned in the statute.

**2. Same—Sale of Warrants at Discount— Liability of Municipality for Difference.**

Where a municipality has issued its warrants and the payee sells or discounts the same and the municipality redeems such warrants, paying the face value thereof, the original holder thereof nor his assignee can maintain an action against municipality for the amount of the discount, i. e., the difference between the face value of the warrant and the amount the payee received for the same from the assignee.

**3. Appeal and Error—Insufficiency of Evidence—Reversal.**

Where there is no competent evidence upon which a judgment might reasonably be based, such judgment will be reversed.

(Syllabus by Ruth, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Creek County; Mark L. Bozarth, Judge.

Action by American National Bank of Sapulpa against the Board of Education of the City of Sapulpa. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

George L. Burke, for plaintiff in error.

Hughes, Foster & Ellinghausen, for defendant in error.

Opinion by RUTH, C. This action was instituted by the defendant in error to recover certain claims alleged to be due from the plaintiff in error, and for convenience the parties hereto will be designated as they appeared in the court below.

Plaintiff alleges it is the owner and holder for value of certain claims against the defendant by reason of the assignment to plaintiff of the following claims:

Claims of the Manhattan Construction Co. _____$1,037.33
Claim of the O'Connor Company__ 1,440.14
Claim of the C. A. Popkin_____ 426.21
Claims of the O'Connor Company__ 202.30
Claim of the Frank Barthell_____ 197.50
Claim of the W. A. Tankersley____ 365.00

Making a total of _____$3,668.48

Plaintiff further alleges that on or about February 16, 1920, one O. B. Pickett, treasurer of the defendant board of education, acting as trustee for the parties last above named, then owners of the claims totalling $3,668.48, brought an action in the district court of Creek county on behalf of all of said claimants and many other persons, and on or about February 16, 1920, secured a judgment against the defendant board of education of the city of Sapulpa for the sum of $3.668.48, and many other items and claims, the judgment being in the total sum of $72,000, and that the sum of $3,668.48 was a part and parcel of that judgment, and that said O. B. Pickett was acting as trustee for the parties above named, who are the assignors of this plaintiff.

It is alleged the said board of education issued its funding bonds in the sum of $72,000, which included the sum of $3,668.48, and the funding bonds were sold by the defendant board of education of the city of Sapulpa. It is further alleged that although O. B. Pickett, the treasurer of the said board, who was acting only as trustee of the claimants, and although the defendant board has funded the judgment and received the money therefore, they have failed, neglected, and refused to pay the claims herein set forth or any part thereof, and by reason thereof the defendant is indebted to this plaintiff in the sum of $3,668.48, with interest from the 16th day of February, 1920, at the rate of six per cent. per annum, and prays judgment.

Defendant denies that the parties named herein ever had valid and subsisting claims against the said board (defendant) or that they ever assigned them to the plaintiff, and deny plaintiff's right to maintain this action. Defendant then admits it owed the petitioner's assignors a certain sum on account of certain contracts with plaintiff's assignors for work and labor, and that certain warrants were issued on its treasurer to pay same, that the warrants were issued and delivered to the said parties, and were fully paid and satisfied.

Defendant then admits O. B. Pickett was treasurer of the board, and acting as trustee for sundry parties, holding warrants issued to them by this defendant, obtained a judgment in the district court of Creek county as trustee of said creditors in the sum of $72,000. That funding bonds were issued to pay the said judgments, and other indebtedness, and from the funds received on said bonds, said indebtedness to the parties herein above mentioned was fully paid and satisfied, and thereby all legal, valid, binding, and subsisting indebtedness created and outstanding by virtue of said warrants or orders was paid in full and said warrants taken up and canceled, but this defendant denies that at the time said judgment was rendered, that the said Manhattan Construction Company, O'Connor Company, C. A. Popkin, Frank Barthel, and W. A. Tankersley owned or held the warrants or order that had been given them for the indebtedness as hereinabove admitted, but that on the contrary they had sold and assigned the same, and that said judgment inured to the use and benefit of their assignees, and that in consequence of their having assigned the same, had no interest in said judgment.

Defendant further states that the $72,000 judgment did not include the $3,668.48 claimed by plaintiff, but included only warrants or orders theretofore issued to said claimants whatever the amounts of said warrants at that time were outstanding, and the same have been fully paid in manner as aforesaid, and denies plaintiff's assignors ever had any warrants or orders or other memoranda of indebtedness issued by the defendant to them for the specific items and amounts set out in the petition, and is informed and believes the amounts sued for by plaintiff are made up of items of discounts for which the assignors sold the warrants or orders issued as aforesaid, and demands of the plaintiff the production of any warrants or orders issued by the defendant board of education covering these specific items.

This summarizes the pleadings as briefly as is possible to an understanding of the claims. No reply was filed by the plaintiff, and a jury being waived the cause was tried to the court, and judgment was rendered for the plaintiffs for the amount claimed, from which judgment the defendant perfected its appeal, and this cause is regularly brought here for review upon petition in error and case-made.

At the trial of the cause the plaintiff introduced as its witnesses C. A. Popkin, architect of the high school building, Lu-

cien B. Wright, chairman of the board of education, and O. B. Pickett, treasurer of the board, and from what we are able to gather from the record and briefs, it appears that a high school was erected in Sapulpa, C. A. Popkin being the architect, and various contractors performed work and labor thereon, to wit: Manhattan Construction Company, O'Connor Company, Frank Barthel, and W. A. Tankersley. That funds were not available to complete the building, and warrants were issued by the board to the parties above named, for the balances due them for the completion of the work. The architect and contractors desiring to realize on the warrants took them to the American National Bank, plaintiff in his action, where the warrants were discounted at from 2½ to 4 per cent., the contractors receiving cash for the warrants less the discount. These warrants apparently approximated from one hundred and forty to one hundred and fifty thousand dollars, and the discounts amounted to the sum sued for, and the contractors had to suffer these discounts, and for these discounts these claims were filed, but it is admitted no warrants were ever issued covering these sums, but there appears to have been a "gentlemens agreement" that whatever loss was suffered by the contractors through being forced to discount their warrants, would be paid by the school board, and O. B. Pickett, treasurer of the board, was by the contractor claimants appointed trustee, and Pickett filed an action against the school board for claims aggregating $72,000, but filed no itemized statement of the various claims making up this total. Judgment was rendered in favor of the trustee, Pickett, and funding bonds were issued in the sum of $72,000, and delivered to Pickett. It is conceded that $47,000 of this amount was to cover teachers salaries and plaintiff contends its discount claims were included in the judgment. C. A. Popkin, the architect, called for plaintiff, testified that:

"They (the contractor) presented a list of the discounts they had had to suffer on their warrants, to Judge Wright who was then president of the school board, and judge Wright referred them to me and told me to make up a list of all of those claims and submit them to him, then he would see if they could be included in the funding bond."

O. B. Pickett, called for plaintiff identified the petition filed by him and the journal entry of judgment and further testified he received the funding bonds, sold the same, and the money was turned into the school board treasury, and he had paid out as treasurer $50,751.90, and exhibited claims

covering the entire sum received from the sale of the bonds and the names of the contractors do not appear in this list, and Pickett testified he did not remember if they were included in the items going to make up the $72,000 judgment. Lucien B. Wright, president of the board, called for plaintiff, testified that he "had no personal recollection of the action of the board with reference to these contractor discount claims being included in the judgment but remembers it was discussed by the board and the sentiment was that while the board was under no legal obligation to pay these discounts it was under a moral obligation to pay the same."

The defendant assigns as error, first, the overruling of the motion for a new trial.

Second. The judgment is not supported by the evidence and is contrary to the law and the evidence. Plaintiff and defendant have filed briefs in this case, and the only adjudicated case cited is Honnold v. Board of County Commissioners, 71 Okla. 71, 177 Pac. 71, wherein it was held:

"No authority is conferred upon the board of county commissioners to sell such funding bonds either at public or private sale, by contract or otherwise"

—but as this question is in no manner raised or even suggested in the case at bar, we fail to grasp the reason for the citation.

On the assigned error, we are favored with no citation in either the brief of the plaintiff or of the defendant, who content themselves with arguments unsupported by authorities.

"The primary object of a brief is to convey information to the court. This cannot be done without clearly stating the manner in which the controverted points arose, the facts which constitute the groundwork of the legal dispute, and the governing propositions of law.

"The Supreme Court is not required to examine the record in search of prejudicial errors not pointed out in compliance with its rules, or to decide grave and difficult law questions not urged and supported by argument, and the citation of authorities." In re First State Bank of Oklahoma City, 68 Okla. 88, 171 Pac. 864.

"Assignments of error presented by counsel in their brief or oral argument, if unsupported by authority, will not be noticed by the court, unless it is apparent without further research that they are well taken." Title Guaranty & Surety Co. v. Slinker, 35 Okla. 128, 128 Pac. 696; Pauls Valley Compress & Storage Co. v. Harris, 62 Okla. 103, 162 Pac. 216.

" 'A plausible, but not convincing argument

in the brief, unsupported by citation of authority, is not sufficient to overcome the presumption indulged by the Supreme Court in favor of the correctness of the judgment of the trial court.' Arbuckle Min., etc., Co. v. Beard, 56 Okla. 144, 155 Pac. 1138." Blue v. Bd. of Com'rs of Garvin Co., 82 Okla. 178, 198 Pac. 850.

But where a judgment is so manifestly erroneous that argument or authorities are unnecessary this court will correct the error and direct such judgment to be entered as should have been entered.

Section 4268, Comp. Stat. 1921, provides in part as follows:

"Every county, every city or town, the board of education of every city, every township, and every school district, is hereby authorized and empowered to refund its indebtedness, including bonds, judgments, and warrants, as hereinafter provided," etc:

Does the claim fall under any of the heads designated by the statute authorizing the issuance of funding bonds? The claim was not in the nature of an outstanding bond. It is admitted that no warrant had ever been issued covering the claim, and the only ground upon which plaintiff could hope to establish its claim is that the claim had been reduced to a judgment and was included in the action by Pickett, and that funding bonds were issued to pay the judgment. The petition of Pickett against the school board makes no mention of these claims, nor does the journal entry of judgment. Popkin, the architect, testified that he prepared the discount claims, but does not know that they were included in the Pickett judgment. Pickett does not remember whether they were in or not, Wright, president of the board, cannot say these claims were included, but knows they were discussed by the school board, and the sentiment of the board was that while there was no legal liability to pay them, there was a moral obligation so to do. Considering all the evidence of the plaintiff and excluding all offered for defendant, there was a total lack of evidence to support the allegations in the plaintiff's petition that these claims had been allowed and had been reduced to judgment.

"In the absence of evidence reasonably tending to support a verdict and judgment, the case must be reversed," City of Duncan v. Tidwell, 48 Okla. 382, 150 Pac. 112.

"Where there is no competent evidence upon which a judgment might reasonably be based, such judgment will be reversed." Elson v. Walker, 80 Okla. 237, 195 Pac. 899; Morris v. Purcell B. & T. Co., 85 Okla. 45, 204 Pac. 436.

The judgment in this case should be reversed on the further grounds that any agreement entered into by the school board to reimburse the contractors for their loss occasioned by discounting the original warrants is against public policy, ultra vires, and void.

These contractors no doubt knew there was no money with which to pay their claims, nevertheless they performed the work and took the warrants, and might have retained them and received full value for same had they so desired. Equally true is it, that they had the right to sell them to the bank for from 2½ to 4 per centum less than their face value.

The warrants were their property and if they wanted to sell them for 50 cents on the dollar this was no concern of the board and the general public, and the tax payers cannot be charged with face value of the warrant and then be charged with the difference between the face value and the sum for which the holder thereof sells the same. The plaintiff bank in securing the assignments of these "discount claims" is chargeable with knowledge of the limitations of the board to contract debts or allow claims.

"One who deals with a municipality does so with notice of the limitations on it or its agents powers. * * * and if they go beyond the limitations imposed, they do so at their peril." In re Town of Afton, 43 Okla. 720, 144 Pac. 184; Town of New Butler v. Tucker, 54 Okla. 182, 153 Pac. 628; Eureka Fire Hose Mfg. Co. v. Town of Granite, 59 Okla. 282, 159 Pac. 308.

Public policy forbids the allowance of these "discount claims," and while the "power of the court to declare a contract void as being in contravention of public policy is a very delicate and undefined power, and should be exercised only in cases free from doubt" (Hubert v. Culp. 46 Okla. 570, 149 Pac. 216), nevertheless to permit municipalities to issue warrants, and redeem them at their face value, plus interest, and afterwards to burden the taxpayer with the payment of the difference between the face value and the sum the original holder sold them for, would be to establish a precedent so fraught with dangerous potentialities that it cannot receive the sanction of this court.

For the reasons herein stated, the judgment of the lower court should be reversed and this cause remanded to the trial court, with instructions to vacate the judgment rendered therein and to enter judgment for the defendant.

By the Court: It is so ordered.