## MORGAN v. SECURITY STATE BANK of WEWOKA.

No. 21856.   May 22, 1934.

A. M. Baldwin, for plaintiff in error.

Cutlip & Horsley, Thos. J. Horsley, and C. Guy Cutlip, for defendant in error.

BUSBY, J.  For the sake of convenience, the parties will be referred to herein as plaintiff and defendant, as they appeared in the trial court.

Plaintiff in the trial court, plaintiff in error here, obtained a judgment for the sum of $1.81 and one-half of the cost of the action. The case arose by virtue of a series of renewals of notes to the defendant bank, which notes were executed by plaintiff. The renewals and partial payments thereon covered a period of time extending from February 1, 1921, when the plaintiff executed the first note in the sum of $215, until October 28, 1924, when the transactions were closed.

Four notes were introduced in evidence as follows:  Note No. 1, face of note $215, on which no claim of usury is made. Note No. 2, a renewal, on which plaintiff claims $8.55 excess interest was charged. Note No. 3, on which plaintiff claims $6 excess interest was charged.  Note No. 4, on which plaintiff claims $4 excess interest was charged.  Total interest claimed to be usurious amounts to $18.50. The trial court, however, found, in reviewing the evidence, that the defendant bank intended to charge only ten per cent. (10%) interest throughout the entire transaction; that on the first transaction there was an undercharge of $4.44, then an overcharge of $3.12, and one of $3.71, making a total overcharge of $6.83; that the undercharge of $4.44 plus a $.58 undercharge of interest, which represented the amount due between October 15, 1924, and October 28, 1924, on the last note paid, made a total undercharge of $5.02, to which defendant was entitled, which subtracted from the $6.83 overcharge in interest left a total overcharge of $1.81.  The court rendered judgment for this sum on the theory that it was due to plaintiff because of an erroneous calculation of interest on defendant's part.  No witness testified that there was any intention on behalf of the defendant bank to charge plaintiff more than ten per cent. (10%) interest over the entire period of four years, during which from time to time plaintiff had made payments on his notes, only a very small overcharge was alleged.  T. E. Burch, an officer of the bank, testified to the erroneous calculation of interest as follows:

"Q.  And if there is—if it is slightly overcharged of $3.71 on this note, you state to the court there was no intention whatever in charging usurious interest? A. Absolutely, that is what I said, and it was not the intention at any time to charge Mr. Morgan more than ten per cent. Q. How long has Mr. Morgan been doing business down there with your bank approximately? A. Well, about four years. Q. Now, when he paid up, were you present there when he paid the last note? A. I was.  He paid it to me. Q. Did he say anything about an overcharge at that time, in any way? A. He did not.  * * *"

The amounts in controversy here are trifling.  As set out above, the dispute as to

usurious interest charged arose over notes extended from time to time and credits thereon. What this court said in the case of Porter v. Rott, 116 Okla. 3, 243 P. 160, applies herein, which reads as follows:

"The question as to whether the commission which the defendants agreed to pay to C. was taken or reserved with the intent to practice usury and whether said transaction amounted to a device to evade the law against usury, was a question of fact for the trial court to determine, and there being evidence in the record reasonably tending to support the finding and judgment of the trial court that no usury was practiced, such judgment is conclusive in this court on appeal."

We think this case falls squarely under the rule announced in a long line of decisions, to the effect that in order to constitute usury there must be an intent to take unlawful interest.

"If the lender, by mistake of fact, by error in calculation, or by inadvertence in the insertion of a date, contracts to receive an illegal rate of interest, 'such mistake, error, or inadvertence will not stamp the taint of usury on such engagement, nor cause to be visited upon him, who did not knowingly and intentionally disregard the law in this behalf, the highly penal consequences of an usurious offense.'" (Covington v. Fisher, 22 Okla. 207, 97 P. 615.)

The mere fact that one paid to another an excessive rate of interest pursuant to a contract is not always sufficient to support a finding of usury.

"In determining whether a contract for the payment of money is usurious, if it appears that the contract or transaction is susceptible of two constructions, one lawful and the other unlawful, the former will be adopted. This is on the theory that the parties to the contract have contracted within the law.

"To constitute the offense of usury there must exist an intention to do something in violation of the statutes. The payment of an amount of interest so small as to be trifling, through an admitted error of the payor in figuring the amount of interest due, is insufficient to make the transaction usurious." (Martin v. Okla. State Bank, 86 Okla. 113, 206 P. 824.)

See, also, Elson v. Walker, 80 Okla. 237, 195 P. 899; Crosbie et al. v. National Bank of Commerce, 86 Okla. 174, 207 P. 311; Steiner v. Urquart, 99 Okla. 60, 225 P. 695; Conner v. State, 94 Okla. 67, 221 P. 418; American Investment Co. v. Baker, 122 Okla. 10, 250 P. 76; Board of Education of the City of Sapulpa v. American National Bank, 105 Okla. 120, 231 P. 855; Moses v. Harris, 111 Okla. 54, 237 P. 591; Cook v. First Nat. Bank of Duncan et al., 110 Okla. 111, 236 P. 883.

For the reasons stated herein, judgment of the trial court is affirmed.

CULLISON, V. C. J., and SWINDALL, ANDREWS, McNEILL, and OSBORN, JJ., concur. RILEY, C. J., and BAYLESS and WELCH, JJ., absent.