## COMMERCIAL CREDIT CO. v. HARJO et al.

No. 26798.   Dec. 15, 1936.

398

Joe B. Crockett and Pierce, McClelland, Kneeland & Bailey, for plaintiff in error.

Criswell & Huser, for defendant in error Willie Harjo.

PER CURIAM. This cause originated in the district court of Seminole county, Okla., on the 19th day of January, 1935, by Willie Harjo, as plaintiff, filing his petition against the Commercial Credit Company, a corporation, and the Lloyd-Hines Motor Company, a corporation, of Seminole, Okla. The petition is in words as follows, omitting the caption:

"Petition.

"Comes now the plaintiff and for his cause of action against the defendants, and each of them, alleges and states:

"That the Commercial Credit Company is a corporation organized and existing under and by virtue of the laws of the state of Oklahoma, with its principal place of business at Oklahoma City, Okla., and that Lloyd-Hines Motor Company has its principal place of business at Seminole, Okla.

"That at Seminole, county of Seminole, state of Oklahoma, on or about the _____ day of January, 1935, the defendants, Lloyd-Hines Motor Company of Seminole, Okla., and the Commercial Credit Company, a corporation of Oklahoma City, Okla., wrongfully detained from this p'aintiff, and still detain in their possession certain goods and chattels and personal property of this plaintiff, to wit:

"One 1934 Model Dodge Sedan Automobile, Motor No. DR-23895, Serial No. 3696657, 1934 License Tag No. 375053, of the value of $625.

"Plaintiff further states that he is the owner of said property and entitled to the immediate possession thereof, and that defendants, though due demand has been made, refuse to deliver possession of said property to this plaintiff.

"Wherefore, plaintiff asks that said goods and chattels and automobile be returned to his possession or the value of the same in l eu thereof, to wit: $625, and for judgme t accordingly, and for costs of this suit.

"Criswell & Huser,

"Attorneys for Plaintiff."

The usual affidavit of replevin and bond was filed; summons and order of replevin issued and served, but the car was not found nor taken possession of. The defendants, Commercial Credit Company and L'oyd-Hines Motor Company, denied they had possession of the car at the time the suit was filed. The case was tried to the court, sitting as a jury, on the 29th day of May, 1935, resulting in a money judgment of $342 for the plaintiff, Willie Harjo, against the plaintiff in error, Commercial Credit Company, and a judgment in favor of Lloyd-Hines Motor Company, finding they were not indebted to the plaintiff, on which judgment the defendant Commercial Credit Company filed timely motion for new trial, which motion was overruled, and the case is properly before this court for review. The parties will be referred to as they appeared in the court below.

The facts in the case are substantially as follows: On March 21, 1934, Willie Harjo, the plaintiff, bought a new Dodge sedan car from Lloyd-Hines Motor Company of Seminole, Okla., and traded in as a part of the purchase price his Chevrolet car, leaving a balance due of $563 to be paid on the new car. A conditional sales contract was made between Willie Harjo and the Lloyd-Hines Motor Company, providing that the balance due should be paid in four monthly payments of $129 each; but all the testimony shows that these payments were to be made every three months. As soon as this conditional sales contract was signed and filed for record, Lloyd-Hines Motor Company sold their interest in the contract, and the payments therein, to the defendant Commercial Credit Company, and transferred all their interest in the contract to said defendant. In accordance with the understanding with the Lloyd-Hines Motor Company Willie Harjo made two payments on the car and a third payment, which became due on the 21st day of December, 1934, was defaulted by Willie Harjo. On the 4th day of January, 1935, the Commercial Credit Company sent their representative, Mr. R. H. White, to Willie Harjo's home and Mr. White took possession of the car covered by the conditional sales contract and carried it into Seminole and stored the same with the

Lloyd-Hines Motor Company. In storing the said car he gave a repossession report to Lloyd-Hines Motor Company, in which he showed that Willie Harjo had until the 15th day of January, 1935, to repossess the car by paying the $129 due and $3 for repossession expenses. Willie Harjo appeared at Lloyd-Hines Motor Company on the 14th day of January, 1935, inquired about the car, and looked at the car, the same then being in possession of the Lloyd-Hines Motor Company, they holding it for the Commercial Credit Company. Willie Harjo was informed that he had all next day, the 15th, to make the payment on the car and repossess the same. Harjo failed to make the payment on the 15th, but appeared at Lloyd-Hines Motor Company on the 18th, sometime after noon, and offered to pay for the car. He was informed by Mr. Hines and Mr. Lloyd that the car had been sold to a man in Dallas, Tex., and had been taken to Dallas on the morning of the 18th. Willie Harjo called the Commercial Credit Company at Oklahoma City and they told him they thought the car was in Seminole. After Lloyd-Hines Motor Company and the Commercial Credit Company had failed to deliver the car to Willie Harjo on tender of the amount due on the 18th of January, 1935, Willie Harjo began this action in the district court of Seminole county on the 19th day of January, 1935, as above set out. Judgment was rendered against the Commercial Credit Company for $342, being the difference between the value of the car, as found by the court, and $258 which was still due and owing on the car. The court found that the Lloyd-Hines Motor Company was acting as agent of the Commercial Credit Company, and, therefore, was not liable to the plaintiff, Willie Harjo, in any sum, and judgment for the Lloyd-Hines Motor Company was rendered by the court to that effect.

The defendant Commercial Credit Company sets out seven assignments of error, but argues only two. Those assignments of error are as follows:

"(3) That the court erred in rendering judgment in favor of said Willie Harjo and against the plaintiff in error for that the same is not sustained by the evidence.

"(4) That said court erred in rendering judgment in favor of Willie Harjo and against plaintiff in error for that said judgment is contrary to law."

The evidence on the part of the plaintiff, Willie Harjo, was to the effect that he was the owner of the car, or had a special interest therein as set out in the petition above quoted, on account of having bought the car from the Lloyd-Hines Motor Company; that he had paid all but $258 of the purchase price of said car; that he delivered the car to Mr. White, the adjuster for the defendant Commercial Credit Company, and that White delivered the car to Lloyd-Hines Motor Company, and that on the 14th day of January, 1935, the Lloyd-Hines Motor Company was in possession of said car. Willie Harjo's testimony further shows that on the 18th day of January, 1935, the Lloyd-Hines Motor Company told him they did not have the car and that they had sold it and it had been taken to Dallas, Tex. This was the only evidence produced by the plaintiff, Willie Harjo, on the question of possession of the car. The defendants, Commercial Credit Company and Lloyd-Hines Motor Company, showed by their evidence that they sold the car to a man by the name of Piper at or about 11 o'clock on the morning of the 18th of January, 1935, and that the purchaser of said car had taken the same to Dallas, Tex., that morning; that Willie Harjo was in the office of the Lloyd-Hines Motor Company sometime during the afternoon of January 18, 1935, and offered to pay the balance due on the car and demanded the return of the car. This suit was filed on the 19th of January, 1935.

There is a complete lack of evidence on the part of the plaintiff, and on the part of anyone for the plaintiff, showing that either the defendants had possession of the car, or had the car under their control, or could control the possession of the car, at the time this suit was filed.

When a case is tried to the court sitting as a jury, the findings of the court on questions of fact have the same force and effect as a verdict of a jury, and the Supreme Court will not ordinarily inquire into the evidence if there is sufficient evidence to sustain the verdict, but where there is an entire lack of evidence to sustain the judgment, the judgment of the court will be set aside for want of sufficient evidence. Crosby v. National Bank of Commerce, 86 Okla. 174, 207 P. 311; Connor v. State, 94 Okla. 67, 221 P. 418; Board of Education v. American National Bank, 105 Okla. 120, 231 P. 855; Okmulgee Democrat Publishing Co. v. National Supply Co., 107 Okla. 86, 230 P. 231.

In order that the court may sustain an action in replevin, the evidence should show that the defendants were in possession of

the property replevied at the time the action was filed, or that the property was where it could be controlled by the defendants; that the plaintiff was entitled to the possession of the car and the defendants were wrongfully detaining the same from plaintiff. There is no evidence in the record to show that the Lloyd-Hines Motor Company or the Commercial Credit Company had possession of the car at the time this suit was filed, either actual or constructive.

The only question to be determined in this case was whether the defendants were in possession of the car and whether they were wrongfully detaining the same, and whether plaintiff was entitled to possession of the car. The burden of proof is on the plaintiff to establish those facts by preponderance of the evidence. If plaintiff fails to establish each of those propositions, then his case fails and the defendants are entitled to a judgment.

In the case of Bales v. Breedlove, 96 Okla. 280, 222 P. 542, Mr. Justice Cochran, after discussing the facts, said:

"The undisputed testimony in this case disclosed that at the time the replevin suit was filed only 29 head of the cattle claimed by plaintiff were in possession of the defendant, the remainder of the cattle covered by the mortgage having been sold by defendant and shipped to market. There is no evidence tending to show the property was sold or disposed of by defendant with intent of avoiding the writ. In these circumstances the plaintiffs were entitled to recover from the defendant only the 29 head of cattle which were in the possession of the defendant at the time suit was commenced and damages for the detention of the same, but were not entitled to recover in this action the value of the cattle which had been previously disposed of," and cites Robb v. Dobrinski, 14 Okla. 563, 78 P. 101; Carpenter v. Mead, 60 Okla. 127, 153 P. 658. See Fries v. Lockwood (Wash.) 116 P. 640.

The court is of the opinion that the plaintiff failed in his testimony to show that the defendants, or either of them, were in either actual or constructive possession of the car at the time this suit was filed, but that the entire evidence is to the contrary. The findings of the court are not sustained by any competent evidence showing the defendants were in possession of the car at the time this suit was filed.

It is our opinion that the judgment of the lower court should be reversed, with directions to enter judgment for plaintiff in error.

The Supreme Court acknowledges the aid of Attorneys Chas. H. Hudson and Frank D. McSherry in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Hudson and approved by Mr. McSherry, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

OSBORN, V. C. J., and BAYLESS, PHELPS, CORN, and GIBSON, JJ., concur.