FINKELSTEIN v. MONTFORT.

No. 31404. May 2, 1944.

Rehearing Denied Sept. 12, 1944.

*151 P. 2d 397.*

Clarence W. Myers, of Oklahoma City, for plaintiff in error.

Fred M. Hammer and Albert L. McRill, both of Oklahoma City, for defendant in error.

BAYLESS, J. J. A. Montfort instituted an action in replevin in a justice of the peace court in Oklahoma county, claiming that Louis Finkelstein, doing business as Finkelstein Junk Yard, had certain items of personal property in his possession that belonged to Montfort, and he sought judgment in replevin for the return of the property or its value stated per item. Montfort had judgment for the property, and Finkelstein appealed to the court of common pleas of Oklahoma county, where, on trial de novo, Montfort again had judgment, based on the verdict of the jury, for $146.25, the value of the property fixed by the jury. Finkelstein appeals.

The first contention made by Finkelstein is that the evidence of the plaintiff failed to show that Finkelstein had possession of the property at the commencement of the action. This contention is presented in two parts, one dealing with the issue of fact and the other dealing with an issue of law which we take to be virtually identical with the issue of law raised under the third contention which is a combination of assignments of error one and five. We therefore undertake a discussion of this issue of law first.

It is Finkelstein's contention on this point that by virtue of 39 O. S. 1941 § 422 (3) the plaintiff in replevin must show that the defendant detains the property at the commencement of the action, and that unless this is shown the court has no jurisdiction to render judgment for the plaintiff for possession, and that the judgment rendered in this case for value cannot be sustained in law. Carpenter v. Mead, 60 Okla. 127, 153 P. 658, and Commercial Credit Co. v. Harjo, 178 Okla. 397, 63 P. 2d 686. If it is Finkelstein's theory that the plaintiff must sue in conversion if he is not sure that he can make such showing with respect to possession, he does not say so. We are of the opinion that the cases cited by him stand for the rule therein stated where no effort is made to recover judgment in the alternative, that is to say, for value in event the return cannot be had. This action is governed by 39 O. S. 1941 §§ 421-436, relating to replevin in the courts of justice of the peace. By section 433, it is specifically provided that where the property claimed is not seiz-

ed or taken from the defendant at the commencement of the action, the action may proceed as one for damages only. This section of our statute must govern, and we hold that Finkelstein's contention that the plaintiff must be nonsuited as a matter of law when he failed to show that Finkelstein was in possession of the items of personal property described at the time of the institution of the action, and that the court had no jurisdiction to render a judgment for money, is without merit.

We now begin consideration of Finkelstein's contention respecting the evidence. The plaintiff's cause of action related to six specific items of personal property which are described throughout. The plaintiff's evidence established that these items of personal property, which related to motor trucks used in his trucking business, with other items of his property, were on the ground around a house where one of his employees lived; that his employee moved and with the consent of the new tenant this property was to be left where it was for a short period of time; that plaintiff got some of his property from the premises, but that the next to the last time he was there these six items sued for were on the ground and when he went back a short time later they were gone; that he made inquiry respecting this property and was informed that one Goodman had hauled it off and sold it to Finkelstein, and that he went to Finkelstein's place of business on a Sunday but it was locked and he did not gain entrance, and was unable to see or identify any of his property there. Plaintiff then used Goodman as a witness and proved by him that he loaded up and hauled away from these premises a truck load of scrap metal and junk. When he undertook to have Goodman identify the stuff he hauled away, Goodman identified only two items of the six claimed by plaintiff, and explicitly denied having seen the other four or that he hauled them away. Plaintiff proved by other witnesses that Goodman hauled away one of the items identified by Goodman and in addition one other. Thus, the plaintiff completely failed to show that Goodman hauled away from this property three items he claimed, and to this extent we think the plaintiff's evidence failed. Cobbey on Replevin (2d Ed.) p. 542, § 998, says: "The identity of the property should be shown so that there can be no question on this point," and Shinn on Replevin, p. 405, § 445, in speaking of the necessity of averment and proof, says that a plaintiff cannot maintain replevin unless the property in dispute is identified. See, also, 54 C. J. 548, § 252, to the same effect.

Since the plaintiff's evidence established as his property one rear end, one tire, and one undercarriage for a dump body, and proved by some evidence that these items were hauled away by Goodman, and established by Goodman's evidence that he sold them to Finkelstein, and since Finkelstein admits having purchased a load of scrap metal from Goodman, we think the jury's verdict must be sustained as to these three items, which had a value, according to the jury's verdict, of $56.25. Since the plaintiff's evidence wholly failed to establish that Goodman hauled away the hydraulic hoist, the drag axle and frame, and the tail gate, having a value of $90, according to the jury's verdict, the jury's verdict is not sustained to that extent.

Finkelstein complains of instruction No. 8, given to the jury, because the court instructed the jury that if they failed to find that the defendant received any of the articles or if they failed to find that the defendant wrongly detains any of the articles, they could find for the defendant. He says that the court should have used "and" instead of "or." In support of this he again makes the argument we have before noticed with respect to the necessity of the detention existing at the commencement of the action. We have before shown this to be without merit.

The judgment of the trial court is modified to the extent of remitting $90 of the jury's verdict and is sustained as to $56.25. The costs are divided between the parties equally.

The matter is remanded to the trial court for further proceedings in conformity with the views expressed herein.

CORN, C.J., GIBSON, V.C.J., and OSBORN and HURST, JJ., concur.