**Leo J. DAVIS, Appellant,**

v.

**J. E. MEYERS and Dennis Meyers, Appellees.**

No. 53255.

Court of Appeals, of Oklahoma, Division No. 2.

July 7, 1981.

Released for Publication by Order of Court of Appeals Aug. 6, 1981.

Douglas McKeever, McKeever, Glasser, Conrad & Herlihy, Enid, for appellant.

Roger L. Benson, Benson & Newmaster, Ada, for appellees.

BOYDSTON, Judge.

Appeal is from demurrer sustained at close of plaintiff's case-in-chief terminating jury trial in action for replevin of heavy equipment and for deficiency judgment for balance due on note and security agreement should sale not satisfy obligation.

Plaintiff filed suit on December 3, 1976, alleging two causes of action: (1) replevin of certain equipment, and (2) sale of the equipment and deficiency judgment should sale not satisfy the debt. After hearing on February 11, 1977, trial court found "defendants were not in possession of the property described in plaintiff's petition at the time such action was filed . . ." and denied the application for writ. We are at a loss to understand why the case proceeded beyond this point since the court's order was in the nature of a terminal, if not final order. Further, we note neither brief refers to nor explains the order, which is approved by both attorneys and recites the same ruling trial court later made at jury trial.

In spite of the ruling of February 11, 1977, jury trial was commenced on December 4, 1978, but was terminated when trial judge sustained demurrer to plaintiff's evidence on the ground "defendants were not in possession at the time suit was commenced." Trial court granted attorney fee of $2,935 to defendants and overruled plaintiff's motion for new trial.

The sole issue raised on appeal is whether trial court erred in sustaining the demurrer.

Plaintiff's only evidence regarding possession is he had no knowledge of the whereabouts of the equipment after he sold it from his sales lot. Plaintiff's counsel claims to have first learned from pretrial depositions defendants did not have possession at inception of suit.

 The rule in Oklahoma has always been "in a replevin action burden is on plaintiff to prove the property is in possession of defendant or under his control at the time suit is commenced. *Commercial Credit Co. v. Harjo*, 178 Okl. 397, 63 P.2d 686 (1937). An exception is made where plaintiff proves the property was "sold, disposed of or removed . . . with the intent of avoid-

ing the writ." *Robb v. Dobrinski*, 14 Okl. 563, 78 P. 101 (1904). And, even if only part of the property is still in defendant's possession plaintiff is not entitled to a judgment for the missing property which was not in defendant's possession at time suit commenced. *Bales v. Breedlove*, 96 Okl. 280, 222 P. 542 (1924). In this case, plaintiff proved neither possession by defendants at time suit was filed nor any of the exceptional circumstances which would excuse the lack of such proof.

 Plaintiff also complains the court should have allowed the case to continue on the second cause of action. However, as plaintiff's counsel stated in response to that suggestion, made just before the judge sustained the demurrer, "Well, I don't think you [judge] can do that, really. I think we would be in more trouble then than we would be now." With this conclusion, we agree.

We hold the trial court had no choice based on the pleadings and evidence but to sustain the demurrer. The second cause of action for deficiency judgment depended entirely upon plaintiff's success with the first. Had plaintiff added a third cause of action asking for judgment on the note and foreclosure of the security agreement, even though the suit failed for lack of proof of defendants' possession, the court could have proceeded to try the debt.

Judgment of the trial court is affirmed. Costs are taxed against plaintiff.

BACON, P. J., and BRIGHTMIRE, J., concur.