## CROSBIE et al. v. NATIONAL BANK OF COMMERCE et al.

No. 10695—Opinion Filed May 16, 1922.

(Syllabus.)

**1. Contracts — Interpretation — Language of Contract.**

The language of a contract is to govern its interpretation, and the court in construing the contract has no authority to substitute one word for another, unless interpreting the language according to its real meaning would involve an absurdity, or produce an unreasonable result, or unless the contract is ambiguous and it becomes necessary to do so to express the real intent of the parties to the contract.

**2. Same—Statute.**

Under and by virtue of sections 948 and 954, Rev. Laws 1910, the language of the

contract is to govern its interpretation, and the words are to be understood in their ordinary and popular sense, unless a special meaning is given to them by usage, in which case the latter must be followed.

### 3. Same — "Peaceable Possession" of Real Estate.

The word "peaceable," in connection with the word "possession," in its ordinary and popular sense, is used as contradistinguished from disputed or contested possession, and that it shall be under a claim of ownership.

### 4. Appeal and Error — Findings — Insufficiency of Evidence.

When there is a trial by a court without the intervention of a jury and the court makes a general finding in favor of one of the parties and against the other, and there is no competent testimony reasonably tending to support the judgment, the same will be reversed on appeal.

### 5. Same—Action to Recover Money in Escrow.

Record examined, and held, there is no competent evidence to support the judgment of the court, and the judgment is reversed.

Error from District Court, Wagoner County; Benjamin B. Wheeler, Judge.

Action by J. E. Crosbie and F. A. Gillespie against the National Bank of Commerce and W. A. Brigham to recover money placed in escrow. Judgment for Brigham, and plaintiffs bring error. Reversed.

C. A. Steele and W. A. Daugherty, for plaintiffs in error.

David A. Kline, for W. A. Brigham.

McNEILL, J. J. E. Crosbie et al. commenced this action against the National Bank of Commerce of Coweta to recover $1,200 deposited in said bank by the terms of an escrow agreement executed by H. C. Zeigler and W. A. Brigham; H. C. Zeigler having assigned his interest to Crosbie and Gillespie. The agreement was dated March 17, 1914, and was substantially as follows. That W. A. Brigham had executed and delivered to Zeigler a certain oil and gas lease on certain land situated in Wagoner county, and part of the consideration was that Zeigler was to pay $1,200 bonus. The agreement recited that there was a possibility of defect in the title of Brigham whereby Zeigler might be deprived of the peaceable and quiet possession of the same. The agreement then reads as follows:

"It is therefore agreed between the parties hereto that said $1,200 shall now be deposited in the National Bank of Commerce of Coweta, Okla., and there remain for the space of 120 days from this date, at the end of which time, if the title to said property

in said W. A. Brigham, shall not have been questioned and brought in issue by legal proceedings, or the said H. C. Zeigler has not thereby been deprived of the peaceable possession thereof by reason of such legal proceedings, then the same sum of $1,200 shall be unconditionally turned over and paid to said W. A. Brigham. This agreement shall be deposited with and remain in said bank for the space of 120 days from date, and may be examined by but not removed therefrom, by either party hereto. In case such adverse proceedings should be begun during said time, it is agreed that said H. C. Zeigler may withdraw said $1,200 or use the same or such part thereof as may be necessary in defending our common interest, as may be then agreed upon between the parties hereto, but in no event shall said H. C. Zeigler, or his assigns, surrender the possession of said premises to any stranger to this agreement except to his associates, J. E. Crosbie, F. A. Gillespie, and F. D. Zeigler."

The petition alleged that in pursuance of the above agreement the $1,200 was deposited in the bank. That on the 14th day of July, 1914, and within 120 days from the 17th day of March, John S. Bilby brought an action in the district court of Wagoner county against W. A. Brigham, H. C. Zeigler, and a tenant of Brigham by filing a petition in said court and causing summons to be issued thereon and alleged in the petition that Bilby was the owner of the premises and entitled to possession. The plaintiff further alleged that Zeigler had not withdrawn the $1,200 from the bank. That on the 23rd day of July, 1914, he executed to the agent of the plaintiffs an order for said money and that demand had been made for payment of the same and was refused. Plaintiffs claim that under and by virtue of the escrow agreement and the commencement of the suit of John S. Bilby against Brigham and Zeigler within 120 days, Zeigler was entitled to return of said money.

To this petition the bank filed an answer claiming no interest in said money. W. A. Brigham, by permission of the court, intervened and admitted execution of the escrow agreement, and asked that he be decreed to be entitled to $1,200 under the agreement. He further alleged that the suit filed by Bilby did not disturb Zeigler in possession of his oil and gas lease; and further alleged the plaintiffs induced Bilby to bring said suit in order to avoid the payment of said $1,200. The plea of intervention was amended and a further plea made that Brigham obtained a judgment in the federal court against John S. Bilby quieting his title; that the suit of John S. Bilby in the

district court against Brigham and Zeigler terminated in favor of Brigham. He further pleaded that by a separate oral agreement, and as a part of the consideration of the contract, it was agreed between Brigham and Zeigler that nothing should be said to any person, and John S. Bilby in particular, about the matter or interest which Zeigler had by virtue of his lease, and Zeigler violated said agreement, and that was the direct cause of Bilby instituting the suit within 120 days.

With the issues thus framed, the cause was tried to the court without a jury. The bank deposited the money with the court clerk, and is no longer interested in the controversy. The court in announcing his judgment stated as follows:

"The court holds and interprets this contract to mean that in order to defeat the right of W. A. Brigham to the twelve hundred dollars put in escrow, not only must the title to said property in said W. A. Brigham have been questioned, and brought in issue by legal proceedings, but in addition to that, said H. C. Zeigler must have been thereby deprived of the peaceable possession of said land under the lease given by Brigham to Zeigler by reason of such legal proceedings."

The court then rendered judgment in favor of Brigham for possession of said money. From said judgment, the plaintiffs have appealed.

For reversal it is contended that the court erred in interpreting the contract to mean that to defeat the right of Brigham to the $1,200, not only must the title to said property in Brigham have been questioned and brought in issue by legal proceedings, but, in addition to that, Zeigler must have been thereby deprived of peaceable possession. The interpretation the court placed upon the contract is erroneous, and cannot be sustained without changing the word "or" to "and." Courts have no authority to substitute the word "and" for "or," unless construing the contract according to its real meaning would involve an absurdity, or produce an unreasonable result, or unless the contract is ambiguous, and it becomes necessary to do so to express the intent of the parties. The contract recites that Brigham is entitled to the money if the title in Brigham shall not have been questioned and brought in issue by legal proceedings, or if Zeigler has not been deprived of peaceable possession by reason of said legal proceedings. In order for Brigham to prevail it was necessary for him to show first that the title had not been questioned and brought in issue by legal proceedings. It is ad-

mitted that the title was brought in question by legal proceedings by John Bilby within 120 days by filing a petition in the district court of Wagoner county.

Counsel for Brigham, however, contends that the record fails to disclose that a summons was issued in the Bilby suit. The record does not disclose whether a summons was issued and served or not, but the record does disclose that Brigham filed an answer and cross-petition in the action; so the effect of the suit under those circumstances would relate back to the date of filing the petition. The court cannot indulge in the presumption that, although the petition was filed within 120 days, no summons was issued until some time thereafter. The evidence upon behalf of Brigham is insufficient to support a finding that no action was commenced within 120 days.

In order to sustain the judgment in favor of Brigham for the money it is also necessary that the record disclose that the action commenced did not deprive Zeigler of peaceable possession. There is no contention that Zeigler was deprived of actual possession, but the question for consideration is whether the filing of an action which questioned the title of the person in possession, and sought to cancel the instrument on which he bases his title, deprived him of peaceable possession. In construing contracts this court is to be guided by the statute which provides how contracts must be construed.

Section 948, Rev. Laws 1910, provides:

"The language of a contract is to govern its interpretation, if the language is clear and explicit, and does not involve an absurdity."

Section 954, Rev. Laws 1910, provides as follows:

"The words of a contract are to be understood in their ordinary and popular sense, rather than according to their strict legal meaning, unless used by the parties in a technical sense, or unless a special meaning is given to them by usage, in which case the latter must be followed."

By applying the above statutory enactments, we must presume that the parties to the contract used the term "peaceable possession" in its ordinary and popular sense when applying to possession of real estate.

The Supreme Court of Alabama, in the case of Southern Ry. Co. v. Hall. 41 South. 135, stated as follows:

"The word 'peaceable' in connection with the word 'possession' is used 'as contradistinguished from disputed or contested possession, and that it shall be under claim

of ownership.' Adler v. Sullivan, 115 Ala. 587, 22 South. 87.''

This same interpretation is also reflected in the following cases:. Adler v. Sullivan, 115 Ala. 582, 22 South. 87; Stanley v. Schwabley, 147 U. S. 508, 37 L. Ed. 259; Allaire v. Ketcham (N. J. Eq.) 35 Atl. 900,, Bowers v. Cherokee Bob, 45 Cal. 495; Bradley v. McPherson (N. J.) 58 Atl. 105; Logan v. Meade (Tex. Civ. App.) 98 S. W. 210. By applying the above interpretation to the words "peaceable possession," the filing of the proceedings by Bilby whereby he attempted to have canceled and declared for naught the interest of both Brigham and Zeigler had the force and effect of contesting and disputing Zeigler's possession and deprived him of peaceable possession. This idea is further substantiated by referring to a latter portion of the contract, which provided:

"In case such adverse proceedings should be begun during such time, it is agreed said H. C. Zeigler may withdraw said $1,200 or," etc.

If the proceeding questioned the title of Brigham and Zeigler, he would be deprived of peaceable possession and to a return of the money.

It therefore follows, in accordance with the contract, there is no evidence to support the judgment of the court which awarded to Brigham the money in question. Even as the court interpreted the contract, the fact is undisputed that Zeigler was deprived of peaceable possession by reason of the commencement of the proceedings within 120 days. There being no competent evidence reasonably tending to support the judgment, it is the duty of this court to reverse the judgment. Tate v. Coalgate State Bank, 72 Oklahoma, 180 Pac. 687.

The defendant in error, however, contends the judgment should be sustained for the reason that the finding of the court was a general finding and would include the finding that the action of Bilby was brought at the solicitation or by the procurement of the plaintiffs. There is no evidence in the record to support such a finding. The evidence disclosed that Mr. Dillard, as attorney representing the plaintiffs in this case, prior to the expiration of the 120 days, attempted to obtain a quitclaim deed from Mr. Bilby, which Mr. Bilby refused to give. Mr. Bilby testified that prior to that time he had employed attorneys to bring proceedings to recover the possession of the land. The evidence is insufficient to support the judgment in favor of Brigham upon this ground. This was a jury case, and if there is any evidence reasonably tending to support the judgment, the case will not be reversed; but this court has announced that where there is no evidence to support the judgment of the court, the judgment will be set aside. This is the only theory upon which the defendant in error seeks to sustain the judgment, and this position is not well taken.

For the reasons stated, the case is reversed, and the cause remanded for a new trial.

PITCHFORD, V. C. J., and JOHNSON, MILLER, KENNAMER, and NICHOLSON, JJ., concur.