### ROGERS v. PENNINGTON GROC. CO.

No. 15391—Opinion Filed June 9, 1925.

Rehearing Denied Sept. 8, 1925.

**Appeal and Error —Reversal—Lack of Evidence to Support Judgment.**

In a civil case, where the burden is upon the plaintiff to establish his cause of action by a preponderance of the evidence, and the plaintiff clearly and unquestionably fails to so establish his cause, and there is no substantial evidence tending to support the judgment of the trial court, it is the duty of the appellate court to reverse the case.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Carter County; Asa E. Walden, Judge.

Action by the Pennington Grocery Company against R. L. Rogers. Judgment for plaintiff and defendant brings error. Reversed and remanded.

Sigler & Jackson, for plaintiff in error.

Potterf & Gray and J. M. Poindexter, for defendant in error.

Opinion by JONES, C. This cause was originally instituted in the justice court of Carter county, Okla., by the Pennington Grocery Company, as plaintiff, defendant in error, against R. L. Rogers, as defendant, plaintiff in error. An appeal was taken from the judgment rendered in the justice court to the district court of Carter county, and upon the trial in the district court, before the judge thereof, judgment was rendered for the plaintiff for the amount sued for. The suit was upon an open account for goods, wares and merchandise, alleged to have been purchased by R. L. Rogers from the Pennington Grocery Company, appellees. It is alleged in the "bill of particulars" that the defendant, R. L. Rogers, doing business as the Smyrna Company, purchased the goods in 1920. No written answer seems to have been filed either in the justice court or the district court. From the judgment of the district court, the appellant prosecutes this appeal, and sets forth various specifications of error, but, as we view it, the assignment of error, which raises the question of the sufficiency of the evidence, is the question which is decisive of the rights of the parties in this controversy.

The facts, as disclosed by the record, show that R. L. Rogers, for a number of years prior to 1918, conducted a mercantile business in Carter county at the rural village Smyrna and that the trade name of his business was "Smyrna Company," and that one R. L. Vincent was in the employ of Rogers as a freighter and frequently hauled goods purchased from the Pennington Grocery Company, appellees, at Ardmore to the mercantile establishment operated by Rogers, and frequently delivered the bills for various items of merchandise and received same, and was regarded by the appellees, Pennington Grocery Company, as an agent of the appellant, Rogers. Sometime during the year of 1918, Rogers discontinued business and the store, which seems to have been located on his farm, was closed for something like ten months or a year. In 1920, Vincent, having rented the farm upon which the store-house was located, from Rogers, decided to engage in the mercantile business and opened the store and conducted the business apparently under the same trade name as it had been conducted by Rogers, "Smyrna Company." At the time that he went to the appellees, Pennington Grocery Company, to buy his opening stock of merchandise, Rogers, who at that time was living in Ardmore, accompanied Vincent to the wholesale grocery house, and rendered him some assistance in selecting his bill of goods, and at that time had a conversation with Mr. Pennington of the Pennington Grocery Company, in which he stated he had moved to Ardmore and that Mr. Vincent was going to conduct the mercantile business or be in

charge of the mercantile business, or words to that effect, and the goods were sold to the Smyrna Company by the Pennington Grocery Company, and the bills offered in evidence bear the notation, "shipped by R. L. Vincent," and seem to have been charged on the books of the company in the same manner; and so far as the bills of the various items of groceries purchased, the name of R. L. Rogers does not appear.

The evidence further discloses that traveling salesmen for the Pennington Grocery Company occasionally visited the mercantile establishment during the time it was operated and owned by R. L. Rogers, and we think that the facts, as disclosed by the record, are sufficient to have put the wholesale grocery company, appellees herein, upon notice of the fact that the appellant, R. L. Rogers, had closed the business and was out of business for some considerable period of time, prior to the time that same was opened by the witness, R. L. Vincent. On the trial of the case, Vincent was very positive in his declaration to the effect that he was the owner of the establishment, and that appellant, R. L. Rogers, was in no wise connected with the same or interested in it, and likewise the appellant Rogers' testimony was to to the same effect. The only evidence offered, which would tend to support the contention of the appellee, plaintiff in the trial court, was the fact that Vincent had frequently delivered orders and received goods for Rogers, during the time that Rogers was engaged in the mercantile business, which business was closed about a year prior to the time that Vincent opened the business, and the presence of Rogers at the time Vincent bought his first bill of goods.

The question for our determination is one purely of fact, and this court is reluctant to set aside the judgment of the trial courts or juries on questions of fact, as we realize and fully appreciate that the trial court is in much better position to pass upon the facts than is this court, but in this case we are unable to approve the judgment of the trial court and are constrained to believe that it was a result of an error as to the law governing this case. Under the general rules of evidence and procedure, the burden is upon the plaintiff to prove by a preponderance of the evidence the material allegations of his petition, and in this case there is almost a total lack of any evidence in support of plaintiff's contention in the trial court, and the positive testimony of two witnesses, who are in a position to know the facts, contradicting plaintiff's contention.

Plaintiff may have been in good faith in surmising that the business was still conducted by Rogers, and had the business been conducted continuously without any perceptible break and if there had been a sale, as is contended by the appellee in its brief, of the establishment by Rogers to Vincent, without sufficient notice to the wholesale people, the evidence offered might have been sufficient to establish plaintiff's cause of action, but the facts as disclosed by the record are entirely different. The appellee contends that the question of agency controls, and the appellant, Rogers, having held out Vincent as his agent to buy and receive and transport merchandise for him during the time he was engaged in conducting the business, that he is now estopped from denying that Vincent was acting in that capacity at the time he purchased the goods in controversy. Neither estoppel nor agency was pleaded, nor is there proof sufficient to justify the rendering of the judgment upon this theory, and we therefore are of the opinion that the judgment of the trial court should be reversed, and the cause remanded for a new trial.

By the Court: It is so ordered.

Note.—See under (1) 4 C. J. p. 882.