## JACKSON v. COON et al.

No. 16616—Opinion Filed June 1. 1926.

**Appeal and Error—Reversal—Insufficiency of Evidence.**

The judgment of the trial court, in a law action. will be reversed when there is no competent evidence to support the same.

(Syllabus by Jarman. C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Grady County: Will Linn, Judge.

Action by Jonas Jackson against O. D.

Coon et al. Judgment for defendants, and plaintiff brings error. Reversed and remanded, with directions.

E. D. Means, C. A. Holley, and E. D. Holley, for plaintiff in error.

Bond, Melton & Melton, for defendants in error.

Opinion by JARMAN, C. Jonas Jackson instituted two separate actions in the court below to recover an undivided one-half interest in two separate portions of the allotment of John Freeman, deceased, duly enrolled full-blood Choctaw Indian. By order of the court, the two actions were consolidated for trial, resulting in a judgment for the defendants, from which the plaintiff, Jackson, has appealed.

On the following facts there is no dispute between the plaintiff and the defendants: John Freeman, a duly enrolled full-blood Choctaw Indian, having received patents to the homestead and surplus portions of his allotment, died intestate, seized and possessed thereof, and left surviving him, his mother, Seeley Freeman, now Seeley James, and a paternal cousin, Jenny Billy. The decedent's father, a full-blood Indian, died sometime prior to the death of the decedent. Jonas Jackson, the plaintiff, is a remote descendant and the only representative of Jenny Billy. Plaintiff contends that Jenny Billy, paternal cousin of decedent, inherited an undivided one-half interest in and to his allotment, and that he, the plaintiff, being the only representative and descendant of Jenny Billy, inherited and became the owner of such undivided one-half interest. The defendants contend that Seeley Freeman, now Seeley James, inherited and became the owner in fee simple of the entire allotment of the decedent, and that, by deeds executed by the said Seeley James, nee Freeman, duly approved by the proper county court and by mesne conveyances, the defendants became the owners of said allotment.

The plaintiff contends that John Freeman died in June, 1907, prior to statehood, and that chapter 49 of Mansfield's Digest of Arkansas, as extended over the Indian Territory, governed the devolution of the estate of said decedent. The defendants contend that the decedent died subsequent to statehood, and that, therefore, the devolution of said estate was governed by the laws of Oklahoma. It is agreed by the parties that if the decedent died prior to statehood the plaintiff is the owner of an undivided one-half interest in the allotment of the decedent, whereas, if he died subsequent to statehood, Seeley James, nee Freeman, inherited and became the owner in fee simple of the entire allotment of decedent, and that the defendants, by deed from her duly approved, and mesne conveyances, are the owners of said allotment in fee simple. The trial court found that the decedent died subsequent to statehood, and this is the only question for determination on appeal.

This was an action in ejectment, a law action, and the only question presented is, whether there is any evidence reasonably tending to support the findings and judgment of the trial court that the decedent, John Freeman, died subsequent to statehood.

We have carefully examined all of the evidence in this case, and we fail to find any competent evidence to support the findings and judgment of the trial court, but, on the contrary, the evidence overwhelmingly and conclusively shows that decedent died prior to statehood. Jenney Folson testified that she was acquainted with the decedent; that he was just a boy when he died, and, as to the date of his death, she stated that he died "long time ago." Nancy Whistler was acquainted with the decedent, and testified positively that he died before statehood. The decedent resided at the home of Betsy Jones, a third cousin, at the time of his death, and she testified positively that he died June 22, 1907, at the age of 17 years. Rhoda James testified that she was acquainted with the decedent; that he was residing at the home of Betsy Jones at the time of his death, and, upon being asked whether he died prior to statehood, she testified:

"A. I think after statehood, because he had his allotment and it was allotted before statehood. Q. You are not able to state the date of his death exactly, are you? A. No, sir, I can't."

The allotment deeds were issued to the decedent in February, 1907. The order of the county court approving the deed executed by Seeley James, nee Freeman, to the lands in question recites that John Freeman died on the —— day of July, 1905. This constitutes all of the evidence reflecting upon the date of the death of the decedent.

We have the positive testimony of Betsy Jones that the decedent died at her home on June 22, 1907, and the positive testimony of Nancy Whistler that the decedent died before statehood. The defendants contend that the testimony of Betsy Jones and Nancy Whistler was contradicted by the testimony of Rhoda James, and that her testimony justified the trial court in finding that the decedent died subsequent to statehood.

The testimony of Rhoda James is without probative value; she does not pretend to state when the decedent died. The most she could say on this question was "I think after statehood"; and the remainder of her answer, "because he had his allotment and it was allotted before statehood," shows that she was merely guessing as to the time the decedent died. The homestead and allotment deeds were executed in February, 1907, and the fact the land was allotted to the decedent prior to statehood was no reason why he died after statehood. He had plenty of time after the patents were executed in February, 1907, to have died before November 16, 1907, the date of statehood. The answer of the witness is indefinite, unintelligible, and without any probative value whatever, and there is no evidence to support the finding that the decedent died subsequent to statehood.

The judgment of the trial court is reversed, and the cause remanded for further proceedings in keeping with the views herein expressed.

By the Court: It is so ordered.

Note.—See 4 C. J. p. 822 §2854; 2 R. C. L. p. 202; 1 R. C. L. Supp. p. 442; 4 R. C. L. Supp. 91; 5 R.C. L. Supp p. 81