Note.—See under (1) 39 Cyc. p. 1445; anno. 38 L. R. A. (N. S.) 30; 27 R. C. L. 506. (2) 28 Cyc. p. 1644 (Anno). (3) 28 Cyc. p. 1576 (Anno).

---

### FULTON v. TEETER et al.

No. 16912—Opinion Filed July 20, 1926.

(Syllabus.)

**Appeal and Error—Reversal—Insufficiency of Evidence.**

When there is a trial by a court without the intervention of a jury, and the court makes a general finding in favor of one of the parties and against the other, and there is no competent testimony reasonably tending to support the judgment, the same will be reversed on appeal.

Error from District Court, Garvin County; A. C. Barrett, Judge.

Action by H. H. Teeter et al. against S. A. Fulton et al. Judgment for plaintiffs, and defendant S. A. Fulton brings error. Reversed and remanded.

Bowling & Farmer, H. G. Butts, S. J. Goodwin, and Chas. E. Wells, for plaintiff in error.

Homer L. Hurt, for defendants in error.

PHELPS, J. The Conservative Loan & Trust Company was a corporation engaged in making real estate loans. R. L. Phillips was agent for the loan company at Pauls Valley. The defendants in error went to Phillips and made application for a loan of $900. Phillips turned the abstract of title, together with the executed mortgage, over to the Stone Abstract Company, which went to the treasurer's office, paid the mortgage registration tax amounting to 90 cents, receiving a receipt therefor, such receipt re-

citing that the mortgage registration tax was paid by the Conservative Loan & Trust Company. The mortgage was placed of record and the abstract brought down to date. The mortgage company then sold and assigned the mortgage to S. A. Fulton of Des Moines, Iowa.

It is alleged that the proceeds of the loan were never paid to the mortgagors. The loan company had financial difficulties and was placed in the hands of receivers; the mortgagors, who are defendants in error herein, then brought suit in the district court of Garvin county against the receivers of the loan company to cancel the mortgage for failure of consideration. The mortgage company, through the receivers, filed its disclaimer, alleging that it had no interest in the subject-matter, having sold, assigned, and delivered the note and mortgage to S. A. Fulton, who appears here as plaintiff in error. Fulton was made a party to the action and pleaded that he was an innocent purchaser for value. It appears that the abstract company charged the expenses of the abstract, recordation of the mortgage, and the mortgage registration tax to Phillips, and the loan company never did pay either Phillips or the abstract company the amount charged for that service, totaling $16.90.

After suit for cancellation of the mortgage was filed, it appears that Phillips had become the agent of mortgagors for the purpose of collecting some rentals, and had in his hands funds belonging to the mortgagors; the account due the abstract company not having been paid in full, Phillips paid the balance due thereon and deducted the amount thereof from the funds in his hands belonging to the mortgagors. The mortgagors then filed their amended petition in court alleging as grounds for cancellation, failure of consideration, and also that the tax was not paid by the mortgagee as provided by section 9588, Comp. Stats. 1921.

The cause was tried to the court without a jury, upon the sole question as to whether the mortgage was void because the mortgage registration tax was not paid by the mortgagee, which trial resulted in a finding of the court that the mortgage was void and judgment was rendered canceling the same, to reverse which this appeal is prosecuted.

The sole question presented by this appeal is, whether the court committed error in rendering judgment for the plaintiff. We have carefully read all the evidence in the record pertaining to the payment of the mortgage registration tax, and have no difficulty in arriving at the conclusion that there is no evidence upon which to base the judgment of the trial court. Phillips was agent for the loan company and it was by his order that the abstract was brought down to date, and the mortgage placed of record, and as a prerequisite to the recordation of the mortgage it was necessary to pay the mortgage registration tax. The fees for these three items were by the abstract company charged to Phillips, agent for the mortgage company. After the suit to cancel the mortgage was filed and after the affairs of the mortgage company were taken over by receivers appointed by the court, and Phillips had become agent for the mortgagors and had funds in his hands belonging to them, he voluntarily reimbursed the abstract company from such funds, and more than a year thereafter the amended petition was filed setting up such payment as a ground for cancellation. This court has many times held that, where questions of fact are submitted to the trial court, the findings of the trial court will not be disturbed if there is any competent evidence reasonably tending to support the same; but the rule is just as well settled that, if there is no competent evidence to support the judgment of the trial court, such judgment will be reversed on appeal. Crosbie v. National Bank of Commerce, 86 Okla. 174, 207 Pac. 311.

The judgment is therefore reversed and remanded, with directions to the trial court to render judgment for the defendants.

BRANSON, V. C. J., and MASON, HARRISON, LESTER, HUNT, CLARK, and RILEY, JJ., concur.

Note.—See 4 C. J. p. 882 §2854; 2 R. C. L. p. 194; 1 R. C. L. Supp. p. 433; 4 R. C. L. Supp. p. 90; 5 R. C. L. Supp. 79.