**NEWARK SHOE STORES, Inc., v. NORMAN, Adm'x.**

No. 23021.   April 2, 1935.

Rehearing Denied May 7, 1935.

Potterf, Gray & Poindexter, for plaintiff in error.

Sigler & Jackson, for defendant in error.

PHELPS, J. The parties will be referred to as they appeared in the trial court.

This case comes here on appeal from the district court of Carter county, wherein plaintiff filed her action against the Newark Shoe Stores, Inc., and Newark Shoe Ardmore Oklahoma Company, and the Palace Shoe Ardmore Oklahoma Company, and alleges that she entered into a written contract to lease a certain store building in Ardmore, Okla., to Newark Shoe Ardmore Oklahoma Company for a period of five years from the 15th day of October, 1927, to the 14th day of October, 1932, at a rental of $200 per month; that the rentals were paid until the 12th day of August, 1930, when the building was abandoned and further payments of rent refused; that the building stood vacant for two months, and plaintiff then rented it for $150 per month, and has therefore been damaged in the sum of $1,625, for which amount she prayed judgment. To her petition she attached a copy of the lease contract signed by herself and the Newark Shoe Ardmore Oklahoma Company.

She also alleged that after the execution of the contract the Newark Shoe Ardmore Oklahoma Company changed its name to Palace Shoe Ardmore Oklahoma Company.

Neither the Newark Shoe Ardmore Oklahoma Company nor Palace Shoe Ardmore Oklahoma Company answered, and judgment was taken against them by default for the amount sued for.

Plaintiff then filed her amended petition against the Newark Shoe Stores, Inc., in which she alleged that it held $5,100 worth of stock in Newark Shoe Ardmore Oklahoma Company for which it had not paid and owed for same at the time suit was filed and that it took all the assets belonging to the other two corporations and converted them to its own use and benefit and that the other said corporations have ceased to do business within the state of Oklahoma. She then alleged that all the stock in the other companies was owned by this defendant, and prayed judgment against this defendant for $1,625.

Defendant, the Newark Shoe Stores, Inc., filed its answer, denying generally the allegations of plaintiff's petition and specifically denying that it entered into any contract whatever with plaintiff or that it is in any way liable to plaintiff under said contract.

With the issues thus joined, the cause went to trial to the court without a jury. Plaintiff introduced her evidence and rested. Defendant interposed its demurrer to plaintiff's evidence, which demurrer was overruled. Counsel for defendant announced their intention to stand on their demurrer,

and judgment was rendered for plaintiff for the amount prayed for, and defendant prosecutes this appeal.

For reversal, the defendant, plaintiff in error here, urges several errors, but, as we view it, the sixth proposition urged must dispose of this appeal, and it is unnecessary to consider the others. This proposition is that:

"The evidence is wholly insufficient to support the judgment of the court holding the defendant, the Newark Shoe Stores, Inc., liable.

Plaintiff pleaded a written contract between herself and Newark Shoe Ardmore Oklahoma Company and sought to hold this defendant Newark Shoe Stores, Inc., to the performance of said contract, and all the evidence introduced in support of her allegations was her own testimony and exhibits A, B, C, D, and E, all of which exhibits were introduced over the objection of counsel for defendant.

Exhibit "A" is a certified copy of

"The charter and articles of incorporation of M. Samuels & Company, incorporated, Delaware, and the amendments thereto changing the name to the Newark Shoe Stores, Inc."

Exhibit "B" is a certified copy of

"The charter and articles of incorporation of Newark Shoe Ardmore Oklahoma Company and the amended charter and articles of incorporation changing the name to the Palace Shoe Ardmore Oklahoma Company."

Exhibit "C" is a certified copy of the

"Report of the Newark Shoe Ardmore Oklahoma Company to the Corporation Commission of the state, filed July 22, 1929."— showing the names of the stockholders.

Exhibit "D" is the

"Report of the Palace Shoe Ardmore Oklahoma Company, Inc., to the Corporation Commission of the State of Oklahoma, filed July 28, 1930."—showing the names of the stockholders.

Exhibit "E" is the

"Report of the Newark Shoe Stores, Inc., to said Commission, filed July 12, 1930, showing the ownership of the stock of said corporation,"—giving the names of stockholders.

Plaintiff then took the stand and identified the contract signed by her and the Newark Shoe Ardmore Oklahoma Company, and it was introduced in evidence as exhibit "F". She testified that rent was paid under the contract to August 12, 1930, and that she rented the building to other parties beginning October, 1930, for $150 per month. When asked from what town the payment for rent came, she said: "Most of them came from Baltimore, Md." She was then asked, "What kind of goods did they handle?" Her answer was: "Seemed to be Newark Shoe Company shoes."

The foregoing exhibits and this testimony constitute all the evidence introduced in any way bearing on the issues.

From the amended petition and the evidence introduced it is inferred that plaintiff relied upon the exhibits introduced in evidence to show that the other two defendants (corporations) were merely agents for the defendant in this case, and counsel cite authorities to this effect, but the authorities cited tend to support the proposition that in the instant case defendant would have been liable if fraud as to it had been pleaded and proved, but here no fraud was pleaded and none attempted to be proved. We cannot assume, from the evidence introduced, particularly in the absence of allegations charging it, that fraud was practiced upon the plaintiff.

Therefore, as we view it, there was no competent evidence to support the judgment, and the trial court should have sustained the demurrer thereto. That being the case, it is our duty to reverse the judgment. Rogers v. Pennington Grocery Co., 111 Okla. 190, 239 P. 126; Jackson v. Coon, 118 Okla. 221, 247 P. 27; Fulton v. Teeter, 121 Okla. 154, 248 P. 584.

The judgment is reversed and the cause remanded to the trial court to grant a new trial.

McNEILL, C. J., and RILEY, BUSBY, and GIBSON, JJ., concur.