19322. POSS *v.* GUY.

ARGUED MAY 14, 1956—DECIDED JUNE 11, 1956.

*Randall Evans, Jr.,* for plaintiff in error.

*Stevens & Stevens, B. J. Stevens, Robert Stevens,* contra.

MOBLEY, Justice. Construing the evidence most strongly against the defendant, the most it can be said to show is that he, either directly or through his attorneys, had Elam appointed County Surveyor of McDuffie County in accordance with Code § 23-1115; that he served a notice upon Mrs. Guy as provided by Code (Ann. Supp.) § 24-3384, which section reads as follows: "No survey shall be received in evidence, unless it appears that at least 10 days' notice of the time of commencing such survey was given to the opposite party by the one who offers it in evi-

dence. Either party to an action may have a survey made, without an order of court, upon giving the required notice"; and that what Elam did was done in preparation of making the survey.

Poss's actions in this case did not, in our opinion, constitute an interference with the peaceful enjoyment of her property by Mrs. Guy. He was not enjoined from going upon the property; and the trial court found that Poss did not interfere with the sale of timber on the land and did not do any injury to the trees.

Enjoyment of the land as used in the court's restraining order means use or possession. Peaceful enjoyment is synonymous with peaceable possession. Peaceable possession is based upon a claim of right and is contradistinguished from disputed or hostile possession. Crosbie v. National Bank of Commerce, 86 Okla. 174 (207 Pac. 311). The acts of the defendant Poss were not in disregard of or hostile towards the claim of ownership of Mrs. Guy. Going upon the land for the sole purpose of making a survey is not inconsistent with Mrs. Guy's peaceful enjoyment of her land. What was prohibited by the injunctive order was something more than mere physical presence.

Counsel have not cited us, nor have we found, any cases defining "peaceful enjoyment" of land. In *Gittens* v. *Lowry*, 15 *Ga.* 336, 338, it was held that the term "peaceable possession" in the Dormant Judgment Act of 1822 had "a meaning very similar to, if not the same [as] the words 'quiet enjoyment', in a covenant for quiet enjoyment. And to constitute a breach of a covenant for quiet enjoyment, there must be an actual ouster." And in *Dillon* v. *Mattox*, 21 *Ga.* 113, this court held that entering upon a tract of land for the purpose of making a survey is not evidence that will support a claim of adverse possession and is perfectly consistent with an acknowledgment of the better title of the other party.

In the absence of an order expressly forbidding a survey, or forbidding the going upon the land of Mrs. Guy, and in the absence of evidence that the acts of the defendant and his agent, Elam, were hostile towards Mrs. Guy or in dispute of her right of ownership or of peaceful enjoyment, the trial court erred in adjudging Poss in contempt of court for violating the order against interfering with the peaceful enjoyment of Mrs. Guy's land.

*Judgment reversed. All the Justices concur.*